**Wayne WIGLEY et al., Petitioners,**

v.

**Henry F. TAYLOR et al., Respondents.**

**No. A–10832.**

Supreme Court of Texas.

July 28, 1965.

Leonard E. Choate, Dallas, for petitioners.

Floyd W. Addington, Lewis Lanier, Jasper, Ripley E. Woodard, Houston, John H. Seale, Jasper, for respondents.

PER CURIAM.

Petitioners filed a motion for an extension of time within which to file a transcript in the Court of Civil Appeals at Beaumont. The motion was filed before the expiration of sixty days from the date on which final judgment was rendered and entered in the trial court. The Court of Civil Appeals denied the motion and dismissed the appeal. 390 S.W.2d 477.

The motion was denied on the ground that it "wholly failed to show good cause therefor" as required by Rule 386, Texas Rules of Civil Procedure. One of the reasons given by the Court of Civil Appeals for its conclusion that the motion failed to show good cause is that the motion "was not accompanied by any statement of the district clerk of her inability to timely furnish the transcript." There is an affidavit in the record, made by counsel for petitioners, reciting that the clerk advised the affiant that she could not prepare the transcript within the time allowed by the Rules. There is also in the record an affidavit by another attorney that at counsel's request he sought to obtain a written statement from the clerk but that the clerk refused to give it. These affidavits are uncontradicted in the record. We cannot approve denial of a motion for extension of time because of absence of a written statement of a public official who, although affirming inability to perform an official duty within a limited time, refuses to put the affirmation in writing. On the other hand, we cannot say that the Court of Civil Appeals abused its discretion in denying the motion inasmuch as counsel waited forty-eight days after judgment was entered by the trial court before ordering the transcript. Accordingly, writ of error is refused, no reversible error. Rule 483, Texas Rules of Civil Procedure.

SMITH, J., not sitting.