James **PATTERSON** et al., Petitioners,

v.

Billie Barbara **HALL** et vir, Respondents.

No. B–638.

Supreme Court of Texas.

June 5, 1968.

Rehearing Denied July 2, 1968.

Barkley, Cutcher & Alderson, James L. Cutcher, Taylor, Bryan, Suhr, Bering & Bailey, James P. Bailey, Houston, Graves, Dougherty, Garwood, Hearon, Moody & Gee, Austin, for petitioners.

Holloway & Holloway, Sterling Holloway, Austin, W. T. Barber, Charles R. Ramsey, Tom G. Oliver, San Marcos, for respondents.

CALVERT, Chief Justice.

Billie Barbara Hall and husband, Nathan Hall, respondents, brought this suit against petitioners and others for title to and possession of 812.5 acres of land located in Hays County. Trial to a jury resulted in a verdict and judgment for the plaintiffs. Some of the defendants, our petitioners here, were appellants in the court of civil appeals and they will hereafter be referred to in this opinion as appellants. The court of civil appeals affirmed. 421 S.W.2d 921. We reverse the judgment of the court of civil appeals and remand the cause to that court for further consideration.

The court of civil appeals overruled a motion, timely filed by the appellants, to extend the time for filing a statement of facts in that court; and because it then had no statement of facts before it for examination and consideration of the evidence adduced at trial, the court gave the points of error before it only limited review. One of the points of error presented in the application for writ of error asserts, in substance, that the court of civil appeals used an erro-neous rule of law in evaluating and overruling appellants' motion for an extension of time for filing the statement of facts. We agree.

There are certain undisputed facts which are relevant to the problem to be considered. The trial court's judgment was entered on November 28, 1966. Appellants' amended motion for new trial was overruled on February 1, 1967, and the order contained notice of appeal by all defendants. On April 17, 1967, the 75th day after the date on which notice of appeal was first given, appellants filed their extension motion in the court of civil appeals.

Rule 386 [1], provides:

"In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, or perfection of writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe."

By clear language, the rule authorizes a court of civil appeals to extend the time for filing the transcript and the statement of facts when motion is made within seventy-five days after a final judgment is rendered or a motion for new trial is overruled showing "*good cause* to have existed within such sixty-day period why said transcript and statement of facts *could not be so filed*" within the sixty-day period.[2]

It is apparent from the court of civil appeals' opinion that, in overruling appellants' extension motion, the court was laboring

---

1. All references to rules are to Texas Rules of Civil Procedure.

2. Emphasis ours throughout.

under the mistaken belief that it did not have discretion to grant the motion. Indeed, the court expressly stated that if it did have such authority, it "would, without hesitation, grant the motion". 421 S.W.2d, at 929. The court's holding that it did not have discretion to grant the motion was largely based upon its interpretation of Rule 377(c) and our opinion in Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952). The court did not regard our per curiam opinion in Wigley v. Taylor, Tex., 393 S.W.2d 170 (1965), in which we indicated that a court of civil appeals did have discretion in passing on an extension motion in a similar situation, as resolving the question.

In *Matlock,* the transcript and statement of facts were delivered to the attorney for the appellant in ample time for filing within the sixty-day period prescribed by the rule. A sworn motion to extend the time for filing was filed within seventy-five days. The "good cause" for the extension, as set out in the motion, was that appellant's attorney understood that his secretary had delivered the transcript and statement of facts to the Railway Express Company for transmission to the clerk of the court of civil appeals, and that he discovered only after expiration of the sixty-day period that the secretary had not done so. The court of civil appeals, testing the issue of good cause by a rule of bad faith and careless indifference on the part of counsel for appellant, granted the motion. 245 S.W.2d 536, at 544. We held that the court had used an erroneous rule of law in determining the issue of good cause, and held further that, as a matter of law, the motion failed to show good cause why the record *could not* have been filed within the sixty-day period. In the course of our opinion, we said that the question before us, in the particular case, was not one of abuse of discretion by the court of civil appeals, but we did *not* say that the issue of good cause could *never* be addressed to the discretion of such courts.

This is not a case, as was *Matlock,* in which the statement of facts was in the possession of appellant's attorney well before expiration of the sixty-day period. Here, the appellants did *not* have the statement of facts in their possession within the sixty-day period, and they *could not,* therefore have filed the same within that period. But the court of civil appeals held that inasmuch as appellants did not show that they *could not have obtained* the statement of facts in time for filing within the sixty-day period by promptly requesting the court reporter to prepare it after they gave notice of appeal, they had failed, as a matter of law, to show that they could not have filed the instrument within the required time. The holding was based upon the provisions of Rule 377(c) which inferentially require an appellant, after giving notice of appeal, *promptly* to request preparation of a statement of facts.

■ Rule 377(c) does not fix the outer limits of prompt action in ordering a statement of facts. It does not undertake or purport to define the word "promptly". "Promptly" is a relative term; it has been given different meanings in differing fact situations. See 34 Words & Phrases (Perm.ed.) 568–573; Black's Law Dictionary (1944). It has been held in some situations to mean a reasonable time when all attendant facts and circumstances surround-the act to be performed are considered. See McCleskey & Whitman v. Howell Cotton Co., 147 Ala. 573, 42 So. 67; Equitable Building and Loan Ass'n v. Brady, 171 Ga. 576, 156 S.E. 222. That is the meaning which should be given it here.

■ Notice of appeal, given in open court or separately filed in writing, is required within ten days after judgment or order overruling a motion for new trial. Rule 353. The notice is essential to perfection of an appeal, but an appeal is not perfected unless and until an appellant files a cost bond, if required, or an affidavit in lieu thereof which is approved. Rule 363. An appellant is given thirty days after entry of judgment or order overruling a motion for new trial in which to file a cost bond

and twenty days after judgment or order in which to file an affidavit in lieu of bond. Rule 356. In actual practice, the giving of notice of appeal on behalf of a litigant who has lost in the trial court is virtually automatic and preserves the right of appeal while consideration is given by counsel to such matters as the probability of success of the appeal, the amount of additional costs and attorney fees which the appellant may be required to pay, the ability of the appellant to make the required cost bond, etc. Often, there are several appellants with different and distant places of residence whose consent to the appeal and signatures on the bond must be obtained. To hold that in all appeals these complex questions must be decided and liability for the cost of preparing a transcript and statement of facts must be incurred, at a time when positive commitment to prosecute the appeal is not yet due and often not yet made, would be to give the word "promptly", as used in Rule 377(c), a narrow and arbitrary meaning in the total context of the rules mentioned and would denude it of practical significance. We hold, therefore, that when a timely motion is made for an extension of time in which to file a transcript or statement of facts, supported by proof that the clerk of the trial court or the court reporter, as the case may be, could not, after request was made, prepare the part of the record requested in time for filing with the clerk of the court of civil appeals within sixty days after entry of judgment or order overruling the motion for new trial, the court of civil appeals, in deciding the question of "good cause" for the extension, has a duty to decide, in the light of all attendant facts and circumstances, the preliminary question of whether the request for the record was made within a reasonable time after notice of appeal was given. Since, in this situation, the court of civil appeals is the trier of the fact issue, its ruling will be reviewed by this court only on assignments of arbitrary action or abuse of discretion. This is the purport of our per curiam opinion in Wigley v. Taylor, Tex., 393 S.W.2d 170. Cf. Harrison v. Benavides, 327 S.W.2d 610 (Tex. Civ.App.—San Antonio 1959, no writ); Williams v. Williams, 392 S.W.2d 539 (Tex. Civ.App.—Tyler 1965, no writ).

Nothing said in this opinion is intended to detract from our decision in *Matlock* or from our opinion as it dealt with the fact situation in that case. But our statement in *Matlock* that the fact situation before it "left *the* Court of Civil Appeals with but little discretion in determining whether or not to permit the late filing of a transcript" should not be interpreted as meaning that courts of civil appeals have little or no discretion to permit the late filing of transcripts and statements of facts in other situations.

■ In this case, notice of appeal was given on February 1. Appeal bonds were filed on February 24. The court reporter received a request for preparation of the statement of facts and a check for $500.00 as a deposit or advance payment for his services on February 25. The opinion of the court of civil appeals quotes in full an affidavit of appellants' attorney which states facts showing why the statement of facts was not requested at an earlier date. The court of civil appeals held that a request for the statement of facts made twenty-four days after notice of appeal was not "promptly" made, regardless of the reason or reasons for the delay, and, therefore, as a matter of law, good cause for granting the motion for extension of time was not shown.

The court of civil appeals has determined the issue of good cause under an erroneous rule of law. As a result, the court's limited review of appellants' points of error may also have been erroneous. Appellants are entitled to have their extension motion decided under the rule of law announced herein. Only the court of civil appeals has jurisdiction to act on the motion in the first instance. The judgment of the court of civil appeals must, therefore, be reversed and the cause remanded to that court for further consideration of the extension mo-

tion and, if the motion is granted, for further consideration of appellants' points of error in the light of the evidence shown in the statement of facts.

It is so ordered.