Joseph L. CARMICHAEL, Appellant,

v.

Maymie D. CARMICHAEL, Administratrix, Appellee.

No. 4734.

Court of Civil Appeals of Texas.

Waco.

June 27, 1968.

Rehearing Denied July 18, 1968.

See also Tex.Civ.App., 432 S.W.2d 129.

C. O. McMillan, Stephenville, for appellant.

Nathaniel J. Harben, Fort Worth, Elvin E. Tackett, Euless, for appellee.

OPINION

McDONALD, Chief Justice.

This case is before this court on Appellee's Motion to Affirm on Certificate and/or to Dismiss for Want of Jurisdiction; on Appellant's Motion to Extend

Time to File Statement of Facts; and on Appellee's Contest to Appellant's Motion to File Statement of Facts, and to contest the validity of the purported transcript filed by appellant.

The appeal is from judgment of the District Court finding appellant Joseph L. Carmichael, Administrator of the Estate of C. A. Carmichael, deceased, guilty of derelictions, and ordering his removal as Administrator, and appointing appellee, Maymie D. Carmichael, as Temporary Administratrix. Such judgment was entered *April 4, 1968*, at which time appellant gave notice of appeal.

Appellant filed no appeal bond, but on *May 4, 1968* handed the District Clerk a check for $350. marked "Appeal Bond in Cause 757". The District Clerk deposited such check. Thereafter appellant, on May 21, 1968, by letter designating certain instruments to be included therein, ordered of the District Clerk a transcript. On May 23, 1968 appellee, by letter to the District Clerk, designated certain instruments to be included in such transcript. The District Clerk prepared a transcript including all instruments requested by both appellant and appellee. On June 3, 1968 counsel for appellant came to the office of the District Clerk to pick up the transcript. The cost of same was $320.00. Counsel for appellant requested the District Clerk to take all instruments from the transcript which had been designated by appellee. The Clerk did so, and counsel for appellant brought the transcript of appellant's designated instruments only, to Waco, and filed same in this Court on June 3, 1968. (The cost of the appellant's instruments included in such transcript was $110. which was paid by appellant's counsel).

The transcript contains a certificate by the Clerk dated May 31, 1968 that "on May 4, 1968 $350. was deposited with such Clerk which sum together with the cost of the transcript and statement of facts paid by appellant, is the estimated costs in this case."

The transcript was filed in this Court within the 60 days required by Rule 386.[1] The transcript, however, is not such a transcript as is required by Rule 376.

The statement of facts was due June 3, 1968. A motion for extension of time to file statement of facts was filed by appellant on May 31, 1968 (within the period prescribed by Rule 386). Appellee contests such motion. Affidavits of the Court Reporter are attached to both the motion for extension of time, and the contest of such motion. Appellant's affidavit reflects that "appellant ordered a statement of facts within the time normally necessary for the Court Reporter to have prepared such for filing before the expiration of the 60-day period, * * * but the Court Reporter has been engaged in taking testimony in other cases and has been sick, and is unable to complete the statement of facts in the 60-day period due to mandatory requirements of other business and his illness; that had either of such conditions not existed, this Court Reporter could have completed the statement of facts in time for such filing."

Appellee's affidavit reflects appellant applied for the statement of facts by letter dated May 17, 1968, which was received by the Court Reporter on May 20, 1968, *46 days* after judgment was rendered in the case.

The statement of facts has been prepared, and was tendered for filing in this Court on June 12, 1968.

There are three matters presented for determination:

### The Cash Deposit in Lieu of Bond

1) Has appellant properly perfected his appeal as required by Rules 354 and 356? Rule 354 requires a cost bond, or in lieu of a bond, "appellant may deposit with the

---

1. All references to Rules are to the Texas Rules of Civil Procedure.

clerk cash equal to the estimated costs in the trial court and the cost of the statement of facts and transcript, less such sums as have been paid by appellant on the costs, and in that event the clerk shall file among the papers his certificate showing that the deposit has been made and copy same in the transcript, * * *."

Rule 356 requires deposit of cash in lieu of a bond be made within 30 days after the rendition of judgment.

In the case before us the deposit of $350. cash was made by appellant on May 4, within 30 days of judgment. The transcript contains the Clerk's certificate dated May 31, that appellant has deposited the sum of $350. in lieu of appeal bond, "which sum together with the costs of statement of facts and transcript paid by appellant is the estimated cost in this cause."

■ While the matter is not free from doubt, we hold that insofar as Rules 354 and 356 are concerned, appellant has perfected his appeal.

### The Transcript

2) Is the transcript tendered by appellant a valid transcript which this Court should file? The transcript is not in compliance with Rule 376, since appellant's counsel had the Clerk take from same all instruments designated by appellee to be contained therein. Appellant asserts he has filed a transcript as is authorized by Rule 390, but says if this Court finds it is necessary to have the instruments designated by appellee go into the transcript, he should have further time to cause same to be done (and points out that all of such instruments are enclosed as exhibits in appellant's tendered statement of facts).

■ We consider appellant's direction for removal of appellee's portion of the transcript improper practice, and it may preclude jurisdiction; however, since the instruments so removed are included in the statement of facts filed by appellant, we hold there is a substantial compliance with the Rules.

### The Statement of Facts

3) Should this Court grant appellant the additional time requested in which to file his statement of facts? Judgment was rendered on April 4, 1968. Such statement of facts was due to be filed no later than June 3, 1968. On May 31 appellant asked for additional time; and tendered the statement of facts for filing on June 12.

The Court Reporter, by affidavit, states that the statement of facts was ordered within a time "normally necessary for the Court Reporter to have prepared such for filing before the expiration of the 60-day period allowed after judgment", and that the Court Reporter "has been engaged in taking testimony in other cases, and has been sick and is unable to complete the statement of facts for filing during such 60-day period due to the mandatory requirements of other business and to his illness; that had either of such conditions not existed, this Court Reporter could have completed the statement of facts in time for filing."

The Court Reporter further stated the statement of facts was not ordered by appellant until May 20 (46 days after rendition of judgment).

Rule 386 provides appellant may, by motion filed not exceeding 15 days after the 60-day period, show good cause to have existed within such 60-day period why said statement of facts could not be filed, and the Court of Civil Appeals may permit same to be filed thereafter.

■ We think the Court Reporter's affidavit to the effect he had been engaged in mandatory requirements of other business and had been ill, and that had either of such conditions not existed he could have completed the statement of facts for filing in the 60-day period, constitutes a showing of good cause. See Patterson v. Hall, Tex., 430 S.W.2d 483.

Appellee's Motion to Affirm on Certificate and/or Dismiss for Want of Jurisdiction is overruled; appellant's Motion to Extend Time for Filing Statement of Facts is granted, and Statement of Facts is ordered filed.