Carmen CLASSY, Appellant,

v.

RAILWAY EXPRESS AGENCY, INC.,
Appellee.

Motion Nos. A 1904, 1905.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 18, 1968.

John D. Wennermark, San Antonio, for appellant.

Trueheart, McMillan, Russell & Hoffman, San Antonio, for appellee.

PER CURIAM.

This is an appeal from a take-nothing summary judgment granted appellee, Railway Express Agency, Inc., in appellant Carmen Classy's suit for damages. The

judgment was signed on September 13, 1968. Appellant's notice of appeal was filed on September 23, 1968, and her appeal bond was filed on October 10, 1968.

On November 27, 1968, appellant filed a motion to extend the time for filing the transcript in this Court and asserted as good cause that the trial judge had not complied with her request for findings of fact and conclusions of law. Appellee has contested said motion and also filed its motion to affirm this case on certificate, supported by a certificate and affidavit of a deputy district clerk and affidavit of appellee's attorney.

These uncontroverted documents show that on November 12, 1968, appellant requested the clerk to prepare a transcript of the record in this cause and to include in same only the findings of fact and conclusions of law. A deputy clerk telephoned appellant's attorney on the same date and advised him to file another direction for preparation of the transcript, specifying the proceedings to be included, and to secure an extension of time from the Court of Civil Appeals. No additional request was filed before December 3, 1968, when the clerk's affidavit was taken.

■ Rule 376, Texas Rules of Civil Procedure, requires the appellant to promptly request his transcript. Where motion for extension of time is timely filed, as was done in this case, the Court of Civil Appeals in deciding the question of "good cause" has a duty to decide, in the light of all attendant facts and circumstances, the preliminary question of whether the request for the record was made within a reasonable time after notice of appeal was given. Patterson v. Hall, 430 S.W.2d 483 (Tex.Sup. 1968). Here the record shows that appellant did not request same until the 60th day after entry of the judgment. The only cause given for this delay is that findings of fact had not been prepared by the trial court. Findings of fact have no place in a summary judgment proceeding. State v. Easley, 404 S.W.2d 296 (Tex.Sup.1966). Furthermore, there is no showing of a compliance by appellant with Rules 296 and 297, T.R.C.P. We conclude, under this record, that good cause has not been shown by appellant's motion for extension of time. See Wigley v. Taylor, 393 S.W.2d 170 (Tex.Sup.1965) ; Jahant v. Ogden, 424 S.W.2d 457 (Tex.Civ.App.—San Antonio 1968, no writ), and the cases there cited.

■ Rule 386, T.R.C.P., requires appellant to file the transcript with this Court "within sixty days from the rendition of the final judgment * * *; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript * * * could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe." These provisions are mandatory and jurisdictional and must be complied with in order to invoke appellate jurisdiction. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587 (1952) ; Whitt v. Hartgraves, 412 S.W.2d 344 (Tex.Civ. App.—San Antonio 1967, no writ).

Appellant's motion for extension of time is denied and appellee's motion to affirm this cause on certificate is granted.