Vidal **GUTIERREZ**, Appellant,

v.

Henry **CASANOVA** et al., Appellees.

No. A 2112.

Court of Civil Appeals of Texas, San Antonio.

Jan. 28, 1970.

Rehearing Denied Feb. 25, 1970.

John D. Wennermark, San Antonio, for appellant.

Groce, Hebdon, Fahey & Smith, Ray A. Weed, Carl Wright Johnson, W. R. Simcock, San Antonio, for appellees.

On Motion to Extend Time for
Filing Transcript.

PER CURIAM.

On January 2, 1970, appellant filed his motion for an extension of seven days time within which to file his transcript. Appellant desires to appeal from a judgment entered on October 30, 1969. Such unsworn motion states as good cause that the transcript could not be timely prepared "due to the Christmas holidays."

Appellees, Henry Casanova and De Hoyos Service Station, have each replied to such motion, supported by an affidavit of the Deputy District Clerk charged with the duty of preparing the official transcript of records of cases appealed from the District Courts of Bexar County. This Clerk avers that the transcript was not ordered by appellant until December 24, 1969, and that since the office closed at noon on that date and stayed closed until December 29, 1969, the transcript could not be timely completed. It was further averred that if the transcript had been ordered a week earlier it could have been timely prepared.

Rule 376, Texas Rules of Civil Procedure, requires the appellant to promptly request his transcript. Furthermore, Rule 386, supra, contemplates that appellant will use due diligence in preparing and filing the record. Here no explanation is given by appellant for his delay of fifty-five days before requesting the transcript. Good cause is not shown for appellant's failure to timely file the transcript. Patterson v. Hall, 430 S.W.2d 483 (Tex.Sup.1968); Wigley v. Taylor, 393 S.W.2d 170 (Tex. Sup.1965).

The provisions of Rule 386, supra, are mandatory and jurisdictional and must be complied with in order to invoke appellate jurisdiction. Matlock v. Matlock, 151

Tex. 308, 249 S.W.2d 587 (1952); Whitt v. Hartgraves, 412 S.W.2d 344 (Tex.Civ. App.—San Antonio 1967, no writ).

The motion for extension of time is denied.