**LYDA/LOTT, Appellant,**

**v.**

**STRESSTEEL CORPORATION et al.,
Appellees.**

**Motion No. A 2414.**

Court of Civil Appeals of Texas,
San Antonio.

June 9, 1971.

Rehearing Denied June 30, 1971.

Fred Parks, Houston, for appellant.

R. H. Mercer, House, Mercer, House & Brock, Dayton G. Wiley, Wiley, Plumb & Plunkett, San Antonio, for appellees.

On Motion of Appellant to Extend
Time for Filing Transcript
and Statement of Facts.

PER CURIAM.

Appellant, Lyda/Lott, has filed its motion, supported by the affidavit of its at-

torney, seeking a thirty-day extension of time for filing the transcript and statement of facts[1] in this cause, which motion has been contested by appellee, Stressteel Corporation, on the ground that good cause has not been shown for appellant's delay in requesting the transcript.

Judgment was entered in this cause on December 29, 1970, following a very complex jury trial extending over a period of some six and one-half weeks. The order overruling appellant's motion for new trial was signed on March 22, 1971, and its notice of appeal was contained therein. Appellant's appeal bond was filed on April 1, 1971. The transcript was not requested of the District Clerk until May 14, 1971, which was the 53rd day after the motion for new trial was overruled. The Deputy District Clerk averred that she would need an additional thirty days to prepare the transcript.

Rule 376, Texas Rules of Civil Procedure, requires the appellant to "promptly" request his transcript. The rule does not undertake or purport to define the relative term "promptly." In Patterson v. Hall, 430 S.W.2d 483, 486 (Tex.1968), where there was a delay of 24 days in ordering statement of facts, the Supreme Court considered the meaning to be given to such relative term. The following test was adopted: "We hold, therefore, that when a timely motion is made for an extension of time in which to file a transcript or statement of facts, supported by proof that the clerk of the trial court or the court reporter, as the case may be, could not, after request was made, prepare the part of the record requested in time for filing with the clerk of the court of civil appeals within sixty days after entry of judgment or order overruling the motion for new trial, the court of civil appeals, in deciding the question of 'good cause' for the extension, has a duty to decide, in the light of all attendant facts and circumstances, the preliminary question of whether the request

for the record was made within a reasonable time after notice of appeal was given."

Here the motion for extension of time has been timely filed. Rule 386, T. R. C. P. The affidavit of appellant's attorney sets forth substantially the following reasons for his delay in requesting the transcript: one of the two associates who participated with him in the trial left his office after the trial; the lengthy trial put counsel behind on other office matters; during the involved period he was required to review a lengthy file preparatory to giving a deposition in another case; he spent two days with a representative of the Internal Revenue Service; he was in California on business for five days in April; he settled a complicated estate prior to June 1, 1971; and he had experienced no prior difficulty in obtaining transcripts from the District Clerk's office of Harris County on short notice.

■ We agree with appellee, Stressteel Corporation, that the reasons in this affidavit do not constitute good cause. Seventeen items were requested to be included in the transcript, and it is obvious that appellant's attorney, who is an experienced and highly competent attorney who had handled this case from the outset, could have dictated the written direction for preparation of the transcript in a very short time. He was undoubtedly aware from the outset that the case would be appealed in that the statement of facts was completed by at least April 7, 1971. As observed by the Supreme Court in Patterson v. Hall, supra, there is some justification for not ordering the record before a party definitely determines to appeal; however, once the appeal bond is filed, the appeal is perfected. Here the record was not requested until 43 days after the bond was filed. In the final analysis, it is seen that appellant's attorney concedes that he relied on his prior experience with the Harris County District Clerk's office in obtaining transcripts on very short notice. Here the Deputy in the

---

1. The statement of facts has been timely tendered to our Clerk.

Bexar County District Clerk's office, charged with the responsibility of preparing transcripts, was unable to timely complete this transcript after it was requested.

It has been repeatedly held that equivalent delays in requesting the transcript or statement of facts was not good cause for failure to timely file the record. In Wigley v. Taylor, 393 S.W.2d 170 (Tex.1965), counsel waited 48 days before ordering the transcript. In Jahant v. Ogden, 424 S.W.2d 457 (Tex.Civ.App.—San Antonio 1968, no writ), the record was not ordered until 47 days after motion for new trial was overruled. In Gutierrez v. Casanova, 450 S.W.2d 771 (Tex.Civ.App.—San Antonio 1970, no writ) and in Williams v. Williams, 392 S.W.2d 539 (Tex.Civ.App.—Tyler 1965, no writ), the delay was 55 days. In Whitt v. Hartgraves, 412 S.W.2d 344 (Tex.Civ.App.—San Antonio 1967, no writ), the request was made 57 days after judgment was signed. In Raub v. Hilshire Village, 463 S.W.2d 261 [Tex.Civ.App.—Houston (14th Dist.) 1971, no writ], the delay was 58 days. In Vanity Fair Properties v. Billingsley, 464 S.W.2d 159 (Tex. Civ.App.—San Antonio 1970, no writ), it was 59 days; and in Classy v. Railway Express Agency, Inc., 435 S.W.2d 535 (Tex.Civ.App.—San Antonio 1968, no writ), the record was not ordered until the 60th day.

■ The provisions of Rule 386, supra, are mandatory and jurisdictional and must be complied with in order to invoke appellate jurisdiction. Patterson v. Hall, supra; Matlock v. Matlock, 151 Tex. 308, 249 S. W.2d 587 (1952).

The motion for extension of time is denied.

### On Motion for Rehearing.

On June 14, 1971, appellant tendered to our Clerk the transcript in this cause. An examination of same discloses that we were in error when we stated that appellant's motion for rehearing was overruled on March 22, 1971, and that the transcript was requested of the District Clerk on the 53rd day after the motion for new trial was overruled.

■ The transcript discloses that the judgment was signed on December 29, 1970; appellant's motion for new trial was filed on January 7, 1971; appellant's amended motion for new trial was filed on January 27, 1971; the amended motion for new trial was heard on March 8, 1971, but the order overruling same was not signed until March 22, 1971. Rule 329b, Texas Rules of Civil Procedure, provides in part that all amended motions for new trial must be determined within not exceeding forty-five (45) days after the amended motion is filed, unless by one or more successive written agreements of the parties in the case filed with the clerk of the court the decision of the motion is postponed to a day certain specifically set out in such agreement. There is no such written agreement in the record before us. Thus, the forty-five day period expired on March 13, 1971; however, inasmuch as this was Saturday, the time was extended to March 15, 1971. Rule 4, supra. Therefore, appellant's amended motion for new trial was overruled by operation of law on March 15, 1971, and the order subsequently entered on March 22, 1971, purporting to overrule such motion is a nullity and cannot have the effect of extending the time for filing the record in this Court. Roth v. Maryland American General Insurance Co., 454 S.W.2d 779 (Tex.Civ.App.—San Antonio 1970, writ ref'd); Washington v. Golden State Mutual Life Insurance Co., 405 S.W.2d 856 [Tex.Civ.App.—Houston 1966, writ ref'd 408 S.W.2d 227 (Tex. 1966), cert. denied 386 U.S. 1007, 87 S.Ct. 1349, 18 L.Ed.2d 434, reh. den. 387 U.S. 938, 87 S.Ct. 2049, 18 L.Ed.2d 1006 (1967)].

Appellant did not request the Bexar County District Clerk to prepare the transcript in this cause until May 14, 1971, which was the 60th day after the motion

for new trial and the day that same was actually due for filing in this Court.

The request for the record was not made within a reasonable time after notice of appeal was given. Appellant has failed to show good cause for this delay.

The motion for rehearing is overruled.