Walter KNEIP et al., Appellants,

v.

Charles H. BELL et ux., Appellees.

No. 11876.

Court of Civil Appeals of Texas, Austin.

Jan. 26, 1972.

Rehearing Denied Feb. 9, 1972.

ment *non obstante veredicto* appellees obtained a judgment for $1,871.00.

This appeal follows the second trial of this case. In the first trial Elo August Ilse was also a defendant, but he had died by the time of the second trial. The first trial resulted in a judgment for defendants Kneip and Ilse, but the court granted the Bells' motion for new trial.

Appellees' suit resulted from a daytime automobile collision near La Grange on Highway 71 on December 30, 1966. Before that collision Ilse was driving appellant's truck west while appellees' automobile was traveling east. Ilse was delivering a bedspring to a customer of appellant's. The truck was hit by appellees' automobile as it was turning left across the highway.

A summary of the jury findings of concern in this appeal follow. The jury found that Bell failed to keep a proper lookout, and that such failure was a proximate cause of the collision. The jury failed to find that Ilse attempted the left turn when such movement could not be made in safety, and failed to find that Ilse drove the truck "into the path" of the automobile driven by Bell.

Appellees filed a motion for judgment *non obstante veredicto* requesting the court to disregard the jury findings above. The court granted appellees' motion, and judgment was entered for appellees.

█ In the outset we are confronted by appellees' "Motion to Strike Transcript." In this unverified motion appellees maintain that appellants' request for transcript was not "promptly" filed with the district clerk pursuant to Rule 376, Texas Rules of Civil Procedure. That request was filed with the district clerk on July 2, 1971, and appellees' attorney received his copy on July 1, and the transcript was filed with the clerk of this Court on July 6. Appellees claim that they were unable to designate certain items to be included in the transcript because of the tardy filing of the request. While prompt filing of the re-

Butler, Binion, Rice, Cook & Knapp, Pearson Grimes, Dan Prescott, Houston, for appellants.

Baggett, Kirk, Van Keuren & Gordon, Russell T. Van Keuren, Houston, for appellees.

SHANNON, Justice.

This is an automobile negligence suit filed in the District Court of Fayette County by appellees, Charles H. Bell and wife, Carolyn Sue Bell, against appellant, Walter Kneip. Upon trial to a jury and upon the court's granting appellees' motion for judg-

quest for a transcript is to be encouraged, in this case, whatever harm which may have existed, could have been avoided by appellees' filing an amended transcript containing the omitted instruments. See Rule 370, Texas Rules of Civil Procedure.

Appellant is before this Court on four points of error, the first being that the court erred in disregarding the answers of the jury concerning Bell's lookout and proximate cause, while the second point complains of the court's disregarding the answer of the jury respecting Ilse's turning to the left. The third point charges error to the court in disregarding the jury's answer regarding Ilse's turning "into the path" of appellees' automobile. Appellants' final point is that the court erred in entering judgment for appellees because there was no issue requested or submitted inquiring as to whether Ilse was acting in the course and scope of his employment for appellant when the collision occurred.

To sustain the trial court's granting a motion for judgment *non obstante veredicto*, it must be determined that there is no evidence to justify the jury findings relied upon. In considering such motion all evidence must be considered most favorably to the party against whom the motion is sought, and every reasonable intendment inferable from that evidence is to be indulged in such party's favor. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696 (1914). Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547 (1962). In granting the motion for judgment *non obstante veredicto*, the trial court necessarily had to conclude that there was no evidence to support the jury's findings that Bell failed to keep a proper lookout and that such failure was a proximate cause of the collision, as well as to conclude that Ilse was negligent as a matter of law in making the left turn when he did.

Viewed most favorably to appellant, as required by the rules of decision, we hold that there was some evidence that Bell failed to keep a proper lookout, and some evidence that such failure was a proximate

cause of the collision. Ilse was driving appellant's truck west on Highway 71, while appellees' automobile was traveling east. Highway 71 at this point is straight and level. It was misting rain, and while it was 2 P.M., Ilse was driving with the truck's headlights on. Ilse saw appellees' automobile when it was perhaps one hundred and fifty yards away, and it appeared to him that it was traveling at a "pretty high speed." Ilse testified by deposition that he gave a hand signal to turn left about one hundred feet before he turned. Bell testified that Ilse turned slowly at an angle in front of him at about 15 or 20 miles per hour. Bell admitted that his vision was not obstructed by the rain or any other factor at the time of the collision. Bell said he did not see the hand signal of Ilse, but on cross examination he said that he did have time to realize that Ilse was traveling 15 or 20 miles per hour as he was turning.

Highway patrolman, Jack Ingram, investigated the collision and testified that at the time of the impact two thirds of Ilse's truck was "off the highway." This evidence indicates that Ilse had practically completed his turn before his truck was hit by appellees' automobile.

Negligence and causation, like any other ultimate fact may be proved by circumstantial evidence as well as direct evidence. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958). The evidence of Bell's unobstructed view, his "pretty high speed," the position of Ilse's truck at the point of impact, and Bell's failure to see Ilse's hand signal comprise some evidence from which the jury could have concluded that Bell failed to keep a proper lookout, and that such failure was a proximate cause of the collision.

In view of our holding on appellant's point of error one, it is unnecessary to consider the other points. The judgment of the trial court is reversed, and here rendered that appellees take nothing.

Reversed and rendered.