**William E. VAUGHAN, Appellant,**

v.

**COMMERCIAL INSURANCE COMPANY, Appellee.**

Motions Nos. 14210, 14212.

Court of Civil Appeals of Texas, Austin.

Feb. 2, 1972.

Harold F. Harris, Temple, for appellant.

House, Mercer, House & Brock, Del Grosenheider, Austin, for appellee.

PER CURIAM.

W. E. Vaughan, appellant, has filed with the Clerk of this Court an original and an amended motion for extension of time to file a transcript.

The events culminating in the filing of appellant's motions are as follows. After a jury trial, the judgment was signed on September 15, 1971, and appellant filed his motion for new trial on September 24, 1971. The order overruling the motion for new trial was signed on November 15, 1971. The motion for new trial, however, was

overruled by operation of law on November 8, 1971. Appellant filed his appeal bond on December 15, 1971, and on January 4, 1972 appellant requested the district clerk to prepare the transcript. The transcript was completed by the clerk on January 14, 1972 and delivered to appellant's attorney on the same day. On January 17, 1972 the transcript and the original motion to extend the time for its filing were tendered to the Clerk of this Court for filing.

Rule 386, Texas Rules of Civil Procedure, provides that by motion timely filed with the Clerk of the Court of Civil Appeals "good cause" may be shown why the transcript could not have been filed within the prescribed time. Rule 376, Texas Rules of Civil Procedure, provides that the appellant shall "promptly" file with the clerk of the trial court a written direction of those proceedings to be included in the transcript.

■ Appellant filed his motion for extension of time within the time permitted by Rule 386. This Court is authorized to extend the time for filing the transcript upon a showing of "good cause" why the transcript could not have been filed within the sixty day period. Patterson v. Hall, 430 S.W.2d 483 (Tex.1968). In considering the motion for extension of time, however, the preliminary question to be decided is whether the request for the preparation of the transcript was made within a reasonable time after the overruling of the motion for new trial or the entry of judgment in the event no motion for new trial was filed. See Patterson v. Hall, *supra*.

■ Appellant requested the district clerk to prepare the transcript on January 4, 1972, which was some˝fifty seven days after the motion for new trial was overruled by operation of law. The reason assigned for the delay in requesting the transcript was that counsel for appellant was unaware that the motion for new trial had been overruled by operation of law on November 8, 1971, and was therefore computing the time for perfecting the record from November 15, 1971, the date the trial court signed the order overruling the motion for new trial.

Under these circumstances, appellant's motion for extension of time does not disclose that the request for preparation of the transcript was made promptly or that good cause existed for failure to file the transcript within the time required by Rule 386. Gutierrez v. Casanova, 450 S.W.2d 771 (Tex.Civ.App.1970, no writ), Reinhardt v. Joseph P. Martinez, Inc., 439 S.W.2d 478 (Tex.Civ.App.1969, no writ).

■ Additionally, it appears that the appellant's cost bond was filed thirty seven days after the motion for new trial was overruled by operation of law. Rule 356, Texas Rules of Civil Procedure, requires cost bonds to be filed within 30 days after the date of the judgment or order overruling the motion for new trial. Where, as here, the motion for new trial is overruled by operation of law, the period within which the cost bond must be filed begins from the date that the motion for new trial is overruled by operation of law. Washington v. Golden State Mutual Life Insurance Co., 405 S.W.2d 856 (Tex.Civ.App.1966, writ ref'd), 408 S.W.2d 227 (Tex.1966). Compliance with Rule 356 is mandatory and jurisdictional. Washington v. Golden State Mutual Life Insurance Co., *supra*, Glidden Co. v. Aetna Casualty & Surety Co., 155 Tex. 591, 291 S.W.2d 315 (1956).

Appellant's motions for extension of time to file the transcript are overruled.

Motions overruled.