Julius O. KUNKEL et al., Appellants,

v.

George F. BOHUSLAV, Appellee.

No. 12053.

Court of Civil Appeals of Texas, Austin.

June 20, 1973.

Rehearing Denied July 11, 1973.

Bob Grove, Law Offices of Donald W. Raven, Austin, for appellants.

Delno J. Grosenheider, House, Mercer, House, Brock & Wilson, Austin, for appellee.

PHILLIPS, Chief Justice.

The fundamental issue presented by this appeal is the construction of Rules 376 and 386, Texas Rules of Civil Procedure, and a determination of whether appellants' motion for extension of time in which to file the transcript should be granted.

Final judgment and notice of appeal were entered on December 15, 1972. The record does not disclose that a motion for new trial was ever filed. Appellant, on January 12, 1973, timely deposited cash in lieu of an appeal bond. Subsequently, on February 8, 1973, 55 days after the entry of judgment, appellants filed with the clerk of the trial court, a written request that the clerk prepare the transcript. The clerk was unable to prepare the transcript within the 60 day period called for by Rule 386, Texas Rules of Civil Procedure, and it thus became necessary for appellant to file in this Court a motion for extension of time in which to file the transcript. The last named motion was timely filed in this Court on February 20, 1973.

The question before us is whether appellants have demonstrated "good cause" for their failure to file the transcript within the 60 day time period contemplated by Rule 386. The narrower issue is whether, under the facts before us, the *request* for the transcript was made within a reasonable time after notice of appeal was given. Patterson v. Hall, 430 S.W.2d 483 (Tex. 1968).

The record before us contains an affidavit by the clerk of the court in which the case was tried stating that although the written request for the transcript was not made until February 8, 1973, there were two prior *oral* requests made by appellants, one on January 12, 1973 and the other on February 2, 1973. The clerk then went on to state that due to her large work load and inadequate staff, she was unable to prepare the transcript prior to the expiration of the 60 day period.

Rule 376, Vernon's Texas Rules, requires that the proceedings in the trial court shall be ordered in writing: "The clerk of the trial court, *under written direction of appellant,* shall prepare under his hand and seal of the court for transmission to the appellate court a true copy of the proceedings in the trial court . . . The appellant shall promptly file with the clerk and deliver or mail to the appellee or his attorney *a copy of such written direction,* and appellee or any party to the appeal may so file and deliver or mail *a written direction* to include in the transcript additional portions of the proceedings in the trial court, and the clerk shall comply." (emphasis added)

The record does not reveal the reason for appellants' waiting 55 days before ordering the transcript in writing. Consequently we hold that there was no good cause for the delay and we do not have the

**108**

requisite jurisdiction to entertain this appeal.[1]

■ We hold that the oral requests made by appellants to the clerk for a copy of the proceedings were inadequate under the rule. A casual reading of the rule makes obvious the reason for the requirement that proceedings be ordered in writing.

Pending oral argument, this Court granted appellants' motion for extension of time for filing the transcript. We now consider that order improvidently entered. The order is set aside, and this appeal is dismissed for want of jurisdiction to entertain the cause.

Dismissed for want of jurisdiction.

SHANNON, Justice (dissenting).

I dissent.

The majority has held that the omission of a timely *written* request to the clerk for a transcript deprives this Court of jurisdiction to entertain the appeal. Appellants made a timely *oral* request for the transcript. I cannot believe the omission of a *written* request, as opposed to an oral request, is of jurisdictional significance.

Julius O. Kunkel and Kenneth E. Kunkel, appellants, filed with the clerk of this Court an original and an amended motion for extension of time to file a transcript. This Court granted the amended motion, and appellants filed the transcript. In his brief and in oral argument appellee, George F. Bohuslav, has reurged the matter and has argued that this Court had only jurisdiction to dismiss the appeal.

On December 15, 1972, appellee procured a judgment upon the pleadings, which by its terms appellants' cause was "stricken"

from the docket. The undisputed fact is that on January 12, 1973, twenty-eight days later, appellants' attorney made an *oral* request of the clerk of the county court to prepare a transcript. On February 8, 1973, or fifty-five days after judgment counsel filed a *written* request for the transcript with the clerk of the county court. On February 20, 1973, appellants filed with the clerk of this Court their original motion to extend time for filing of the transcript, stating as grounds therefor that because of other official business the clerk of the county court was unable to prepare the transcript within the required time.

Tex.R.Civ.P. 386, provides that by motion timely filed with the clerk of the Court of Civil Appeals "good cause" may be shown why the transcript could not have been filed within the prescribed time. Tex.R.Civ.P. 376, provides that the appellant shall "promptly" file with the clerk of the trial court a written direction of those proceedings to be included in the transcript.

Appellants filed their motion for extension of time within the time permitted by Rule 386. This Court is authorized to extend the time for filing the transcript upon a showing of "good cause" why the transcript could not have been filed within the sixty day period. Any number of cases hold that the inability of the clerk of the trial court to prepare the transcript because of the press of official business constitutes "good cause." Texas Tech University: Reynolds, Texas Rules of Civil Procedure 385 and 386: Whether to Extend The Definite Time for Filing The Appellate Record, 4 Texas Tech.L.Rev. 1, 11, (1972).

In considering the motion for extension of time, however, the preliminary question to be decided is whether the request for

1. Wigley v. Taylor, 393 S.W.2d 170 (Tex. 1965); Vaughan v. Commercial Insurance Company, 476 S.W.2d 428 (Tex.Civ. App.1972, no writ); Lyda Lott v. Stressteel Corporation, 469 S.W.2d 321 (Tex. Civ.App. error dismissed, mandamus overruled); Jahant v. Odgen, 424 S.W.2d 457 (Tex.Civ.App.1968, no writ); Gutierrez v. Casanova, 450 S.W.2d 771 (Tex.Civ. App.1970, no writ); Reinhardt v. Joseph P. Martinez, Inc., 439 S.W.2d 478 (Tex. Civ.App.1969, no writ).

the preparation of the transcript was made within a reasonable time after the overruling of the motion for new trial or the entry of judgment in the event no motion for new trial was filed. Patterson v. Hall, 430 S.W.2d 483 (Tex.1968). Appellants *orally* requested the county clerk to prepare the transcript on January 12, 1973, which was twenty-eight days after the entry of judgment. Unquestionably, twenty-eight days was within a reasonable time to make the request. In *Patterson* a twenty-four day period of time was held to be reasonable in which to request the court reporter to begin the preparation of the statement of facts.

The majority opinion, it seems, turns on the proposition that only written requests for transcripts are contemplated under the rules, and since appellants' first request was oral, it was, in effect, no request, and that the written request of appellants, made *fifty-five days after the entry of* judgment, came too late.

As stated before, the press of official business of the clerk of the trial court is good cause for late filing of the transcript. In all fairness, however, it is thought that the clerk should be allowed a reasonable time after the request within which to prepare the transcript. It is this notion that underlies the case law requiring that, preliminary to good cause being shown, it must be demonstrated that the request for the transcript must have been made within a reasonable time after entry of judgment or order overruling the motion for new trial.

The reason for Rule 376 stating that the appellant's request be in writing is to inform the clerk of the contents of the transcript, so that he may begin its preparation, and to notify opposing counsel so that they might include in the transcript those pleadings which they deem important to their presentation of the appeal.

In the case at bar, the clerk was placed on notice twenty-eight days after entry of the judgment that appellants desired a transcript. As appellants requested that the contents of the entire file be placed in the transcript, there was no possibility of confusion as to what pleadings should be in the transcript and as all of the pleadings were included in the transcript, appellee was in no way prejudiced by not receiving a copy of a written request. Even in those instances wherein pleadings have been omitted from the transcript, and the appellee wishes them included, the remedy is to order and file a supplemental transcript, Tex.R.Civ.P. 428. See Kneip v. Bell, 476 S.W.2d 378 (Tex.Civ.App., writ ref'd, n. r. e. 1972).

Without doubt appellants acted promptly in orally requesting the transcript, and without doubt they have shown "good cause" within the contemplation of Rule 386. Moreover, appellants within fifty-five days after judgment *did* file a written request with the clerk. I submit that neither the clerk of the trial court, nor the appellee, nor this Court was in any way prejudiced by the manner in which appellants' request was made, and, under the circumstances, the oral request should suffice.

I would suggest that the opinion of the majority represents an unnecessary aberration from the general intention of the Rules of Civil Procedure,[1] ending in a result which would do honor to the most rigid common law court.

I would proceed to consider the merits of the appeal.

1. Tex.R.Civ.P. 1.