**INTERNATIONAL SECURITY LIFE INSURANCE CO., Appellant,**

v.

**R. H. DRAPER, Appellee.**

No. 5327.

Court of Civil Appeals of Texas, Waco.

March 6, 1974.

Rehearing Denied April 11, 1974.

Stanley S. Crooks, Dallas, for appellant.

Thomas J. Swearingen, Waco, for appellee.

HALL, Justice.

This is a suit on a major medical and hospital expense insurance policy. Trial was to the court without a jury on October 15, 1973. Written notice of appeal was given on November 14th. Judgment was formally signed and entered on December 13th. Motion for new trial was not filed. Appeal bond was filed on January 7, 1974.

Appellant caused a transcript to be filed with us on February 6, 1974. A statement of facts has not been filed.

Rule 386, Vernon's Ann.Rules Civ.Proc., provides:

"In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the rendition of the final judgment or order overruling motion for new trial, or perfection of writ of error; provided, by motion filed before, at, or within a

reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, showing good cause to have existed within such sixty-day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe."

This rule required appellant to file the statement of facts with this court not later than February 11, 1974, absent an extension of time for doing so. On February 19th, appellant filed a motion for the extension. This motion is contested by appellee.

The record shows that immediately upon conclusion of the trial on October 15, 1973, counsel for appellant told the court reporter he wanted a statement of facts for appeal. One week later, by letter, the reporter told appellant's counsel that the cost of the statement of facts would be approximately $100 and that upon receipt of a deposit in that amount she would begin preparation of the statement. The requisite deposit was not made with the reporter until February 8, 1974. This was too late for her to finish the statement of facts for timely filing.

The record fails to show why appellant waited 57 days after judgment and 32 days after its appeal was perfected to employ the court reporter for preparation of the statement of facts. Under the circumstances, the delay was unreasonable. We therefore overrule appellant's motion for extension of time for filing a statement of facts. Wigley v. Taylor, (Tex.Sup., 1965) 393 S.W.2d 170, 171; Patterson v. Hall, (Tex.Sup., 1968) 430 S.W.2d 483, 486.