**Gladys DULIN et vir, Appellants,**

**v.**

**Tommie Nelle WRIGHT, Appellee.**

**No. 4727.**

Court of Civil Appeals of Texas, Eastland.

Feb. 7, 1975.

Rehearing Denied March 14, 1975.

Frank Ginzel, Colorado City, for appellants.

Charles R. Griggs, Nunn, Griggs, Beall & Wilks, Sweetwater, for appellee.

## ON MOTION FOR REHEARING

WALTER, Justice.

The appellee, Tommie Nelle Wright, for the first time in her motion for rehearing, asserts that we improperly granted the appellant an extension of time to file the transcript in this case. During oral argument of this case, the appellee did not com-

plain about our granting the motion for an extension of time to file the record. Neither did she assign as error in her brief our action in granting the motion for extension of time to file the record.

■ Is it proper for us to consider this alleged error as it is presented to us for the first time on motion for rehearing? We hold that it is properly presented.

"Nevertheless, jurisdiction will not be conferred or sustained if a later review of the record discloses that good cause actually did not exist to excuse the late filing ordered. Plainly, when the court has exceeded its jurisdiction, the only course open is to rectify the error.
. . .

Where jurisdiction does not exist otherwise, it cannot be conferred by error. For instance, jurisdiction is not conferred by the clerk's acceptance and filing of a late tendered transcript. If the court's order is entered on assumption of general jurisdiction, the order must be vacated where the record could have been timely filed although that fact was not readily evident until a subsequent consideration. Even if the defect that prevented the filing of a timely tendered statement of facts is corrected within the primary time, the court's order permitting late filing must be vacated if the instrument could have been, but was not, timely filed. Moreover, the court's order admitting the record to filing must be set aside where the determinative fact that the record was not ordered promptly is not established until after the record was ordered filed. Similarly, the record filing is set aside where the extension is granted on the basis of an untimely motion, particularly in the event the filed record negates the good cause that was pleaded for the extension.

When it is revealed that the court lacks jurisdiction to decide the case on its merits, the court is duty bound to dismiss the appeal or, if the record warrants, affirm on certificate. This action is mandatory despite the fact that the court of civil appeals has rendered its opinion on the merits of the case before its lack of jurisdiction was determined." Reynolds, Texas Rules of Civil Procedure, rules 385 and 386: Whether to Extend the Definitive Time for Filing the Appellate Record, 4 Tex.Tech.L.Rev. 20–21 (1972).

In Walker v. Cleere, 141 Tex. 550, 174 S.W.2d 956 (1943), the court said:

"We hold that the filing of the record in the Court of Civil Appeals within the time fixed by Rûle 385 is jurisdictional, and that compliance therewith was not waived by the failure to file a motion to dismiss or strike the record within thirty days after the filing thereof."

In the case at bar the transcript should have been filed not later than June 10, 1974. The transcript was received by appellant on May 28, 1974. It was not received by the Clerk of this Court until June 17, 1974.

In Pollard v. American Hospital and Life Insurance Company, 472 S.W.2d 116 (Tex.1971), the court said:

"The delay in filing the transcript and statement of facts is not mentioned in the opinion of the Court of Civil Appeals, and no purpose would be served by setting out the facts here. It is sufficient to say that the record shows affirmatively that both the transcript and statement of facts could have been filed within the 60 days allowed by Rule 386. The Court of Civil Appeals had no discretion to grant an extension of time for filing in these circumstances. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587; cf. Patterson v. Hall, Tex.Sup., 430 S.W.2d 483; Wigley v. Taylor, Tex. Sup., 393 S.W.2d 170."

■ We have no discretion to grant an extension of time to file the transcript because the record affirmatively shows that

it could have been filed within the 60 days allowed by Rule 386, Texas Rules of Civil Procedure.

The motion for rehearing is granted, our order granting appellants' motion for extension of time to file the transcript and our judgment heretofore rendered are set aside. Our opinion dated the 7th day of February, 1975, is withdrawn and judgment is now rendered denying appellants' motion for extension of time to file the record herein, and dismissing the appeal.