**The SAVE OUR CITY ORGANIZATION OF SAN ANTONIO et al., Appellants,**

v.

**The TEXAS HIGHWAY COMMISSION et al., Appellees.**

Nos. 14864, 14867.

Court of Civil Appeals of Texas, Austin.

April 2, 1975.

Rehearing Denied April 23, 1975.

Louis T. Rosenberg, Rocha, Tutt & Rosenberg, San Antonio, for appellants.

John L. Hill, Atty. Gen., David M. Kendall, Asst. Atty. Gen., Austin, for appellees.

PER CURIAM.

Appellants [1] filed with the Clerk of this Court an original and a supplemental motion to extend the time for filing the transcript and statement of facts in the above cause. The appellees filed an answer opposing the extension of time upon the basis that appellants had not requested the transcript from the district clerk within a reasonable time after the entry of judgment. As we are in agreement with appellees' position, we will overrule appellants' motions for extension of time to file the record.

The events culminating in the filing of appellants' motions are as follows. The judgment was entered on December 12, 1974. A motion for new trial was not timely filed, the result being that the time for filing the record in this Court was February 10, 1975.

Appellants filed with the district clerk a written request for the preparation of the transcript on February 7, 1975, but the clerk was unable to complete the prepara-

---

1. The appellants are: The Save Our City Organization of San Antonio, Mrs. C. L. Browning, Jr., A. C. Sien, Jr., A. B. Williams, Henry Graham, William R. Bradford, Howard Peak and Edwin Peet.

tion of that transcript for filing on February 10. In their supplemental motion appellants state that the district clerk was advised *orally* on January 6, 1975, that a transcript was to be prepared.

Texas Rules of Civil Procedure, rule 386 provides that by motion timely filed with the Clerk of the Court of Civil Appeals "good cause" may be shown why the transcript could not have been filed within the prescribed time. Tex.R.Civ.P. 376 provides that the appellant shall promptly file with the clerk of the trial court a *written* designation of those instruments to be included in the transcript. Kunkel v. Bohuslav, 497 S.W.2d 106 (Tex.Civ. App.1973, no writ).

Appellants filed their motions for extension of time within the time permitted by Rule 386. This Court is authorized to extend the time for filing the transcript upon a showing of "good cause" why the transcript could not have been filed within the sixty-day period. In cases dealing with the question, the courts have consistently held that the inability of the clerk of the trial court to prepare the transcript because of the press of official business constitutes "good cause." Texas Tech University: Reynolds, "Texas Rules of Civil Procedure 385 and 386: Whether to Extend the Definite Time for Filing the Appellate Record." 4 Texas Tech L.Rev. 1, 11 (1972).

In considering a motion for extension of time for the filing of the transcript, however, the preliminary question to be decided is whether the request for the preparation of the transcript was made within a reasonable time after the entry of the judgment in the event no motion for new trial was filed. Patterson v. Hall, 430 S.W.2d 483 (Tex.1968).

Appellants filed their written request for the transcript fifty-seven days after the entry of the judgment. Such request was not made within a reasonable time after the entry of judgment. Wigley v. Taylor, 393 S.W.2d 170 (Tex.1965),

Reinhardt v. Martinez, 439 S.W.2d 478 (Tex.Civ.App.1969, no writ), Gutierrez v. Casanova, 450 S.W.2d 771 (Tex.Civ.App. 1970, no writ), Vaughan v. Commercial Insurance Co., 476 S.W.2d 428 (Tex.Civ. App.1972, no writ).

Appellants' motions for extension of time are overruled.

Motions overruled.

