Gus DANIELS, d/b/a Pronto Drive In Grocery, Appellant,

v.

TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellee.

No. 1038.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 30, 1975.

J. Mack Ausburn, San Antonio, for appellant.

Max P. Flusche, Jr., Austin, for appellee.

## OPINION

### PER CURIAM.

This is an appeal from an order by the Texas Alcoholic Beverage Commission cancelling the appellant's Beer Retailer's Off Premise License & Wine Only Package Store Permit, which said order was affirmed by the 139th District Court of Hidalgo County, Texas.

Pursuant to Rule 386, T.R.C.P., appellant has filed his motion for extension of time to file the transcript and statement of facts, asking that the time for filing be extended to September 8, 1975. The transcript tendered to the Clerk shows that final judgment was rendered on June 20, 1975. The judgment contained a proper notice of ap-

peal. No motion for new trial was filed, but on July 21, 1975 there was a timely filed cash deposit in lieu of bond. The motion for extension of time to file the record was filed with this Court on September 3, 1975, the 75th day after the judgment was rendered.

Under Rule 386, T.R.C.P., this Court is required to determine whether or not there was "good cause" for the failure of appellant to timely file the record. In deciding the question of "good cause", the Court must decide the preliminary question of whether the request by appellant to the district clerk to prepare the transcript was made within a reasonable time after notice of appeal was given. *Patterson v. Hall*, 430 S.W.2d 483 (Tex.Sup.1968). The appellant must "promptly" request the transcript, a term which means a reasonable time when all attendant facts and circumstances surrounding the act to be performed are considered. *Patterson v. Hall*, supra.

In this case, the certificate of the court reporter was signed on June 30, 1975, showing that the statement of facts had been prepared and delivered to appellant's attorney 10 days after the judgment of the trial court was signed and rendered. However, the record reveals that the appellant's request for the transcript was not given to the district clerk until August 19, 1975, the last day the record was due to be filed in this Court. The motion for extension of time states only that "the complete transcript, along with the statement of facts can be filed by September 8, 1975." Other than stating that present counsel was retained after the trial counsel had been discharged without any showing when this took place, the motion does not show any reason for the delay in ordering the transcript by the appellant until the 60th day, especially since the statement of facts was prepared and 50 days prior to the time the appellant made the request.

We hold that appellant, by delaying until the 60th day after the notice of appeal was given before requesting the prepara-

tion of the transcript, has failed to show that he "promptly" requested the transcript. Thus, appellant has not shown that "good cause" exists for his failure to timely file the record in this Court. See *Lyda/Lott v. Stressteel Corporation*, 469 S.W.2d 321 (Tex.Civ.App.—San Antonio 1971, dism'd, mand. overruled); *Gutierrez v. Casanova*, 450 S.W.2d 771 (Tex.Civ.App.—San Antonio 1970, no writ); *Vaughan v. Commercial Insurance Company*, 476 S.W.2d 428 (Tex.Civ.App.—Austin 1972, no writ); *Kunkel v. Bohuslav*, 497 S.W.2d 106 (Tex.Civ.App.—Austin 1973, no writ).

Appellant states that appellee has no objection to the granting of the motion for extension of time, but as was held in *Consolidated Casualty Insurance Company v. Wade*, 373 S.W.2d 841 (Tex.Civ.App.—Corpus Christi 1963, writ dism'd), waiver or stipulation of counsel to extend the 60-day period for filing the record, standing alone, is not sufficient reason for granting an extension of time to file the record as required by Rule 386.

The motion for extension of time to file the record is denied. The appeal is dismissed.