John Carroll FORTUNE, Appellant,

v.

Capitola W. FORTUNE, Appellee.

No.12408.

Court of Civil Appeals of Texas, Austin.

Jan. 14, 1976.

**412**

William E. Adams, Senterfitt & Adams, San Saba, for appellant.

B. Allen Cumbie, Hollon & Marion, Boerne, for appellee.

PER CURIAM.

Appellant, John Carroll Fortune, on December 4, 1975, filed with the Clerk of this Court a motion to extend time for filing the statement of facts in a cause tried in the district court of San Saba County. Appellee, Capitola W. Fortune, responded in opposition to the motion. Appellee contends that appellant did not request the court reporter to prepare the transcript within a reasonable time after the motion for new trial was overruled by operation of law. We are of the opinion that appellee's contention is well taken, and, accordingly, the motion to extend time for filing will be overruled.

The judgment was entered on August 11, 1975. The motion for new trial was filed on August 20, 1975, and was overruled by operation of law on October 6, 1975. Fifty-nine days later, December 4, 1975, appellant requested the court reporter to prepare the statement of facts. The court reporter was unable to complete the statement of facts in time for filing with the Clerk of this Court on December 5, 1975, the sixtieth day after the motion for new trial was overruled by operation of law.

Tex.R.Civ.P. 386 provides that by motion timely filed with the Clerk of the Court of Civil Appeals "good cause" may be shown why the statement of facts could not have been filed within the prescribed time.[1]

Appellant filed his motion for extension of time within the time permitted by Rule 386. This Court is authorized to extend the time for filing the statement of facts upon a showing of "good cause" why the statement of facts could not have been filed within the sixty-day period. In cases dealing with the question, the courts have consistently held that the inability of the court reporter to prepare the statement of facts or the clerk to prepare the transcript because of the press of official business constitutes "good cause." *The Save Our City Organization of San Antonio, et al. v. Texas Highway Commission*, 521 S.W.2d 895 (Tex. Civ.App. 1975, writ ref'd n. r. e.).

In considering a motion for extension of time for the filing of the statement of facts, however, the preliminary question to be decided is whether the request for the preparation of the statement of facts was made within a reasonable time after the entry of the judgment or after the motion for new trial was overruled. *Patterson v. Hall*, 430 S.W.2d 483 (Tex.1968).

Appellant requested the court reporter to prepare the statement of facts fifty-nine days after the motion for new trial was overruled by operation of law. Such request was not made within a reasonable time after the motion for new trial was overruled by operation of law, and, as such, appellant has failed to show good cause why the statement of facts was not filed within the time permitted by Rule 386. *Wigley v. Taylor*, 393 S.W.2d 170 (Tex. 1965), *Reinhardt v. Martinez*, 439 S.W.2d 478 (Tex.Civ.App.1969, no writ), *Gutierrez*

---

1. Rule 386 was amended effective January 1, 1976. The amendment repeals that part of the rule which permitted extensions of time on motion filed within fifteen days after expiration of the sixty-day period when the motion showed good cause why the record could not be filed timely. Tex.R. Civ.P. 21c governs the consideration of motions for extensions of time filed after January 1, 1976.

*v. Casanova,* 450 S.W.2d 771 (Tex.Civ.App. 1970, no writ), *Vaughan v. Commercial Insurance Co.,* 476 S.W.2d 428 (Tex.Civ.App. 1972, no writ), *The Save Our City Organization of San Antonio, et al. v. Texas Highway Commission, supra.*

Appellant's motion for extension of time is overruled.