## SPOON v. SPOON.
### No. 1999.

Court of Civil Appeals of Texas. Eastland.
March 29, 1940.

Rehearing Denied April 19, 1940.

Smith & Smith, of Anson, for appellant.

Ratliff & Ratliff, of Haskell, for appellee.

FUNDERBURK, Justice.

This is a divorce suit, the statutory grounds of divorce alleged being "excesses, cruel treatment or outrages" of the wife against the husband "of such a nature as to render their living together insupportable." R.S.1925, Art. 4629.

The case was tried by jury whose verdict upon special issues was in favor of the plaintiff. From the judgment based upon such verdict, the defendant has appealed.

Appellant presents six assignments of error. The first, third and fifth complain, respectively, of the action of the court (1) in failing and refusing to admit in evidence a judgment of the district court of Jones County, dated May 12, 1938, in which George Spoon was the plaintiff and Fannie Mae Spoon defendant, being cause No. 6537, denying a divorce. (2) In failing and refusing to admit in evidence the original petition filed by plaintiff George Spoon in cause No. 6491 filed in the district court of Jones County on the 18th day of November, 1937,—another divorce suit, and (3) in failing and refusing to admit in evidence plaintiff George Spoon's original petition filed in said cause No. 6537 against the defendant Fannie Mae Spoon in the district court of Jones County, on March 5, 1938. Assignments of error two, four and six, each, respectively, complain of error of the court in qualifying the three several bills of exception relating to said assignments one, three, and five. The qualifications to the several bills of exception complained of were to the effect that the instant suit involved grounds for divorce occurring since the last judgment in the prior suits.

Each of the three assignments of error complaining of the action of the court in qualifying bills of exception must be regarded as waived. The record fails to disclose that there was any objection or exception taken to such actions. Under the circumstances the qualifications must be read as parts of the several bills of exception. Vernon's Ann.Civil Statutes, vol. 7, note 197, p. 391.

From the bills of exception as qualified it appears that the action of the court complained of in each instance was at least prima facie correct. The bills of exception manifest no error.

The judgment in a former divorce suit offered in evidence was not res adjudicata of a cause of action arising afterwards, nor is it made to appear from the record that said judgment or said pleadings were relevant as evidence upon any of the issues.

The record presents a case wherein the plaintiff's petition sufficiently alleged a cause of action for divorce arising and existing after final judgment in the latest of

the former actions. Issues of fact were submitted to the jury and found in favor of the plaintiff. There is no showing that the issues were not supported by evidence, and sufficient evidence. As against the presumption that the judgment was correct, appellant's said assignments of error and the propositions, citation of authorities, and argument thereunder, germane to said assignments of error, not waived as aforesaid, do not, we think, show any error in the judgment. So far as we can see all of the contentions set forth in appellant's brief were foreclosed by the verdict of the jury. No assignment of error presented for review any error in any part of the jury's verdict.

It is, therefore, our conclusion that said judgment should be affirmed, and it is accordingly so ordered.