**Jerry M. HYDE, Appellant,**

v.

**Yvonne Young HYDE, Appellee.**

**No. 216.**

Court of Civil Appeals of Texas.

Tyler.

July 7, 1966.

Rehearing Denied Sept. 22, 1966.

Price R. Ashton, Austin, for appellant.

Jerry M. Hyde, Tyler, pro se on rehearing.

Glass & Glass, Tyler, for appellee.

MOORE, Justice.

This is a domestic relations case. Appellant, Jerry M. Hyde, instituted this suit in the form of an action for mandatory injunction seeking an order of the court requiring appellee, his wife, Mrs. Yvonne Young Hyde, to surrender to him the custody of their two minor children. He alleged, and the facts show, that the parties

were married in 1958 and lived together until 1963, during which time two children were born. Prior to the time the present suit was filed, the record shows that Mrs. Hyde had theretofore on July 2, 1963, instituted a suit against him seeking a divorce upon the grounds of cruel treatment. After a trial in that cause on November 14, 1963, judgment was entered denying appellee a divorce. Appellant took the children into his custody. The parties continued to live separate and apart. Several months later, on January 17, 1964, Mrs. Hyde filed a suit for custody of the children under the provisions of Article 4639b, Vernon's Ann.Texas Civ.St. Trial in that cause was before a jury and based upon a verdict reciting that it would not be to the best interest of the children for her to be awarded custody, the trial court on July 3, 1964, entered a take-nothing judgment against her. On the day prior to the entry of the judgment in that cause, Mrs. Hyde went to the home of appellant and without his knowledge or consent took possession of the children. The present litigation followed on July 14, 1964, when the appellant filed this suit seeking a mandatory injunction to require appellee to surrender the children to him on the ground that the previous judgment theretofore entered against her on July 3rd denying her the custody of the children was tantamount to placing the legal custody in him. His original petition requested the trial court to take immediate action by issuing a restraining order, without notice, directing the sheriff to take the children and turn them over to him immediately. The court, however, declined to take such action and set the matter for hearing on July 27, 1964. In the meantime, Mrs. Hyde filed her cross action for divorce alleging cruelty on the part of appellant occurring subsequent to the previous divorce judgment. She also sought custody of the children and ancillary thereto prayed for a temporary restraining order and a temporary injunction, prohibiting appellant from taking the children from her custody. The trial court granted her a temporary restraining order, without notice, prohibiting appellant from taking the children from her custody, and set the hearing on the temporary injunction for July 27th, along with the hearing on the appellant's motion. Prior to the time set for the hearing, appellant filed a motion to quash the temporary restraining order issued against him on the ground that the judgment theretofore entered on July 3rd denying appellee custody of the children was res adjudicata upon the issue of custody. He also filed a motion to dismiss appellee's cross action for divorce and custody on the ground that the previous judgments in the divorce case and in the child custody case were res adjudicata on the issue of divorce and custody in the present suit. Neither of these motions, however, was presented or urged on the date set for the hearing on the respective applications for an injunction. On the contrary, appellant appeared and entered into an agreement stipulating that Mrs. Hyde was to have the care and custody of the children during the pendency of her cross action for divorce, and agreeing to pay the sum of $100.00 per month for their support. The trial court accordingly entered a judgment to this effect, and further recited in the judgment that appellant's application for injunction as well as his motion to quash and motion to dismiss were denied. Appellant registered no complaint to any portion of this order and the order remained in effect for some thirteen months before the cause finally went to trial on September 2, 1965.

The case was submitted to a jury and in response to the special issues submitted by the court, the jury found: (1) that the appellant had been guilty of excesses, cruel treatment or outrages toward the appellee; (2) of such nature as to render their further living together insupportable; (3) that there had been a material change of conditions after July 3, 1964, of such nature as to affect the welfare and best interest of the children; (4) that it would be to the best interest of the children that they

be awarded to the custody of appellee; (5) that a reasonable amount of support for the children would be the sum of $150.00 per month; and (6) that a reasonable attorney's fee for the appellee would be the sum of $1,250.00. From the judgment based upon such a verdict, appellant Jerry M. Hyde has perfected this appeal.

 Appellant presents nine Points of Error. The first, second and third points complain of the action of the trial court in refusing to grant his application for mandatory injunction requiring appellee to surrender custody of the children to him, as well as the action of the trial court in granting Mrs. Hyde a temporary restraining order without notice restraining him from taking the children from her custody pending the hearing on her application for temporary injunction and in denying his motion to quash such an order. The basis of appellant's contention seems to be that the previous judgment of July 3, 1964, denying her custody of the children was, as a matter of law, res adjudicata on the issue of custody in the present suit and the court was, therefore, required to respect such judgment and place custody in him pending a hearing on the appellee's motion for temporary custody. We think these points must be overruled for two reasons. First, it is most apparent, we think, that the purpose of the trial court in leaving the children in the custody of Mrs. Hyde and prohibiting appellant from forcibly taking them from her was to maintain the status quo until both sides of the controversy could be heard. The statutes clearly authorize the trial court to make temporary orders such as this pending suit for a divorce. Article 4636, 4639, V.A.T.S.; Goodman v. Goodman, 224 S.W. 207 (Tex. Civ.App.). Secondly, appellant did not register any complaint in the trial court of this action. On the contrary, he agreed to the order placing custody in the appellee. Moreover, he did not object or except to that portion of the judgment denying his request for custody. Having agreed to the order granting appellee custody and not

having made any complaint in the trial court in this respect, he therefore waived his right to complain on appeal.

 Appellant's fourth, fifth and sixth points complain of the action of the trial court in overruling numerous special exceptions to appellee's petition. The appellee has registered an objection to points four and five on the ground that some of the matters complained of in those points are not contained in the assignments of error in the motion for new trial. She likewise objects to points nine and ten on the same grounds. We have experienced some difficulty in determining this matter because appellant's brief nowhere makes any references to where his assignments of error may be found in the record. Upon a search of the record, however, it appears that the objections are well taken and must be sustained. It is elementary that this court has no authority to pass on alleged errors not complained of in the trial court. Rule 418, T.R.C.P.; Henderson v. Jimmerson (Tex.Civ.App.), 234 S.W.2d 710. As stated before, we have experienced difficulty in evaluating the appellant's Points of Error because appellant's counsel did not make any references to the pages of the transcript where the supporting assignments of error could be found. Reference to the page of the record where such supporting assignments may be found is vital to this court. Appellant's brief fails to comply with Rule 418, supra. Under such a situation, it is not ordinarily our duty to search the record for the assignment of error in support of a point. Rubenstein & Son Produce, Inc. v. State (Tex.Civ.App.), 272 S.W.2d 613. Points four, five, six, nine and ten are overruled.

 In Point 7, appellant complains of the action of the court in ruling that his counsel would not be permitted to refer to or offer in evidence the judgment of any of the proceedings in the previous divorce case or the child custody case. As pointed out before, appellee's grounds for divorce in the present case were based upon

cruel treatment which was alleged to have occurred subsequent to the date of the judgment in the former divorce suit. The judgment in that suit was not, therefore, res adjudicata to the alleged cause of action arising afterwards, and would not be admissible. Nor does it appear that any of the proceedings in the former divorce suit were relevant as evidence on any issue in the present suit and therefore same is not admissible in evidence in this suit. Spoon v. Spoon (Tex.Civ.App.), 139 S.W.2d 162.

■ Nor do we believe that any error is reflected in the refusal to permit in evidence the proceeding of the former child custody case. No attempt is made by the appellant to demonstrate how such judgment or any of the circumstances surrounding that case would be relevant to any of the issues in the present suit. As stated before, the former child custody case was brought under the provisions of Article 4639b, supra. Section 4 thereof specifically provides that where the provisions of that statute have been invoked, in the event either party subsequently files a suit for divorce, the subsequent orders entered in the divorce suit shall control the matter of custody to the exclusion of the provisions of the statute. Thus when appellee filed her suit for divorce and the trial court entered an order of custody in the divorce case, the effect of such was to nullify the previous orders entered, if any, in the former child custody case. We therefore conclude that the former judgment in that case denying custody could not be res adjudicata to any issue in the present suit and the proceedings in that case were not therefore admissible in this cause.

■ By Point 8 appellant contends that the court erred in "merging" his mandatory injunction suit with appellee's cross action for divorce. Contrary to his contention, the record does not reflect this to be the case. The record shows that prior to trial, the trial court announced that the appellee would have the burden of proof on the whole case and would be required to go forward with the evidence as if she were the plaintiff. Appellant made no objection to this procedure, nor did he request a severance or a separate trial. Moreover, at the time of trial appellant had already waived a separate hearing on his injunction suit by agreeing that appellee might have custody during the pendency of her suit for divorce. The point is overruled.

In our view, the record presents a case wherein appellee's petition sufficiently alleged a cause of action for a divorce and child custody existing after the two former actions in that respect. Appellant's primary defense was based upon the proposition that the two former judgments involving divorce and child custody were res adjudicata. As stated, we do not believe this defense to be applicable under the facts presented. All issues of fact were submitted to the jury and found in favor of the appellee. There is no showing or complaint that the issues were not supported by evidence or that the same were against the overwhelming weight and preponderance of the evidence. So far as we are able to discern, all of the contentions set forth in appellant's brief were foreclosed by the verdict of the jury. No complaint is made of any error in relation to any part of the jury's verdict.

It is, therefore, our conclusion that the judgment of the trial court must be affirmed.