**Joe PAVLAS, Appellant,**

v.

**Ruby Mae PAVLAS, Appellee.**

**No. 16922.**

Court of Civil Appeals of Texas.

Fort Worth.

May 10, 1968.

Rehearing Denied June 14, 1968.

Jimmy P. Horany, Archer City, for appellant.

W. E. Fitzgerald, Wichita Falls, for appellee.

## OPINION

RENFRO, Justice.

On May 12, 1967, Joe Pavlas filed suit in the District Court of Archer County praying for a divorce from Ruby Mae Pavlas and for division of community property.

Plaintiff's petition alleged the parties were married in June, 1965, and continued to live together until May 25, 1966, when, by reason of cruel treatment inflicted on plaintiff by defendant, they separated and "have not lived together since that time"; that defendant within a short time after marriage commenced a course of unkind, harsh and tyrannical conduct toward plaintiff which continued until their separation, "and still continues."

The defendant answered with a plea of res judicata and filed a certified copy of a judgment rendered by the 78th District Court, Wichita County, on January 4, 1967, styled Joe Pavlas v. Ruby Mae Pavlas, wherein the court, after "hearing the testimony in said cause is of the opinion that it is wholly insufficient to authorize judgment for divorce," entered judgment for defendant.

In the instant case the judgment recites that after hearing "Defendant's exceptions to the Plaintiff's petition and cause of action, * * * it is the opinion of the Court * * * the law is for the Defendant, and it is therefore considered by the Court that the Defendant go hence without day * * *."

The judgment was dated September 11, 1967.

On the same day, towit, September 11, plaintiff was refused permission by the Court to file an amended petition.

The record does not show whether the judgment, or the order refusing the filing of the amended petition, was acted upon first by the Court.

The first two paragraphs of the rejected amended petition complain of conduct of defendant which occurred *prior* to the January 4, 1967 divorce judgment.

The proposed amended petition alleged other acts of cruelty which began prior to the January 4 judgment and which continued to the filing of the second divorce suit, and allegations of separate acts of misconduct which occurred after the January 4 judgment. All the allegations of conduct after January 4 are the same or similar acts complained of in the first divorce suit.

The plaintiff contends the court erred in (1) refusing to allow the amended petition to be filed, (2) sustaining defendant's amended answer as an exception to plaintiff's petition and cause of action, (3) overruling plaintiff's exceptions to defendant's answer and first amended answer, (4) refusing plaintiff the opportunity to submit evidence, and in sustaining defendant's defense of res judicata, and (5) overruling plaintiff's motion for new trial.

It is apparent from the record that the court, though referring to defendant's exceptions, was in reality acting on defendant's plea of res judicata. Point 2 will therefore be considered with point 4.

■ A judgment denying a divorce is not res judicata as to a cause of action arising thereafter. Spoon v. Spoon, 139 S.W.2d 162 (Tex.Civ.App., 1940, writ dism.).

■ However, where parties have had the opportunity of litigating certain issues,

and a final judgment is entered in said cause adjudicating those issues, it is not the policy of the law to permit a relitigation of such questions. An issue of fact necessary for a determination of issues in a prior case, and a judgment entered therein, create an estoppel by judgment against relitigation of the same issue.

 Plaintiff's original petition in Archer County alleges generally that defendant began a course of cruel treatment soon after the June, 1965 marriage and such conduct "still continues." Only four months before this Archer County suit was filed, the Wichita County District Court had found the evidence "wholly insufficient" to authorize a divorce for plaintiff and judgment was entered for defendant. Plaintiff's petition did not allege any different acts of cruelty, but merely stated, in effect, that the misconduct of defendant, unspecified, which had begun shortly after the marriage and continued until the parties separated on May 25, 1966, "still continues." As seen, such conduct was found by the Wichita judgment of January 4, 1967 to be wholly insufficient to entitle plaintiff to a divorce.

The rule of res judicata applies in such cases.

We therefore overrule points 2 and 4.

It is argued earnestly that the Court erred in refusing to allow plaintiff to file an amended petition. The amended petition was considered and filing denied on the day of trial.

The record is void of any showing that plaintiff complied with or attempted to comply with Rule 63, Texas Rules of Civil Procedure, governing the filing of amended pleadings.

Plaintiff's petition was filed May 12, 1967. The plea of res judicata was filed in proper time. Plaintiff made no effort to file an amended petition until sometime during the day of trial, September 11.

The question is not whether the proffered amended petition stated a good cause of action, but whether the trial court abused its discretion in denying plaintiff the right to file the amendment.

 The trial court has wide discretion in allowing or denying the filing of amended pleadings.

 Under the record before us we cannot say the Court abused its discretion in denying plaintiff's request to file the amended pleading.

All points of error have been considered and are overruled.

Affirmed.