Morris DORBANDT, Appellant,

v.

Sam BAILEY and Theodore Saba,
Appellees.

No. 639.

Court of Civil Appeals of Texas,
Tyler.

May 18, 1972.

Rehearing Denied June 15, 1972.

Clapp & Beall, Alex Beall, Tyler, for ap
pellant.

Kenneth R. King, Tyler, for appellees

MOORE, Justice.

Appellant, Morris Dorbandt, brought suit
against appellees, Sam Bailey and Theo-
dore Saba, to impress a constructive trust
upon the title to various tracts of land de-
scribed in his petition. Appellees answered
with a general denial and a cross-action to
quiet title to the lands in question and also

a cross-action for damages allegedly resulting from a cloud cast on their title by reason of a lis pendens notice which appellant caused to be filed ancillary with his main suit.

Trial was before a jury. At the conclusion of the evidence, the trial court submitted special issues to the jury covering the various aspects of appellant's cause of action to impose a constructive trust upon the lands in question. The jury found against appellant, Morris Dorbandt, on all of these issues. The court also submitted Special Issues Nos. 5, 6, and 7 inquiring as to whether or not the appellees had sustained damages by reason of appellant's filing the lis pendens notice as alleged in their cross-action. In response to these issues, the jury found appellees had sustained damages and returned a verdict in favor of appellee, Sam Bailey, for the sum of $2,250.00 and in favor of appellee, Theodore Saba, for $1,584.00. Appellant, Dorbandt, then filed a motion requesting the court to disregard the jury's findings on Special Issues Nos. 5, 6, and 7. In response to the motion, the trial court disregarded the jury's findings on the damage issues and rendered judgment denying appellees a recovery for damages. The trial court also rendered judgment on the verdict against appellant, Dorbandt, denying him a recovery for any interest in the land in question. Being dissatisfied with the judgment, both appellant and appellees gave notice of appeal.

This is the second appeal of this case. Upon the first appeal, we reversed and remanded a summary judgment in which the trial court granted Bailey and Saba title to the land in question, holding that the summary judgment evidence presented by appellant, Dorbandt, was sufficient to raise a disputed issue of fact on Dorbandt's claim to an individed interest in the lands by reason of his claim of a constructive trust. Also, upon the first appeal, we affirmed that portion of the judgment denying Bailey and Saba a recovery upon their cross-action for damages based on Dorbandt's

filing of the lis pendens notice. Dorbandt v. Bailey, 453 S.W.2d 205 (Tex.Civ.App., 1970, writ ref., n. r. e.).

Upon the trial of the present case, which forms the basis of this appeal, the trial court submitted to the jury Special Issues Nos. 5, 6, and 7 again inquiring as to whether or not appellees suffered damages by reason of the filing of the lis pendens notice, and if so, the amount thereof.

■ By this appeal, appellant, Dorbandt, urges that the trial court erred in again submitting the damage issues to the jury in view of our former opinion affirming a take-nothing judgment rendered against Bailey and Saba upon the first appeal. As we understand appellant's two points of error, he contends that the evidence offered by appellees showing damages, as well as the submission of the issues to the jury, were so inflammatory and prejudicial that it influenced the jury in returning an unfavorable verdict against him upon his special issues inquiring as to whether or not a constructive trust was established. In reply, appellees assert that appellant waived any complaint he might have had with regard to the evidence and submission of the damage issues because he failed to make any objection whatever in the trial court. We agree with the proposition asserted by the appellees and accordingly overrule appellant's points of error.

Appellant readily admits that he filed no special exceptions to appellees' cross-action for damages as set forth in their first amended original petition and their trial amendment thereto. He further admits that he made no objection to the testimony offered by appellees showing that damages resulted to them by reason of the loss and rental value of the lands; and that he made no objection to the submission of Special Issues Nos. 5, 6, and 7 inquiring of the damages sustained by appellees. There is nothing in the record indicating that the appellant ever objected to any of the evidence or the issues on the ground that same was so highly inflammatory that it

was calculated to prejudice him in the eyes of the jury.

It is elementary that this court has no authority to pass on alleged errors not complained of in the trial court. Rule 418, Texas Rules of Civil Procedure; Hyde v. Hyde, 406 S.W.2d 225 (Tex.Civ.App., Tyler, 1966, writ ref., n. r. e.); Barrett v. Curtis, 407 S.W.2d 359 (Tex.Civ.App., Dallas, 1966, n. w. h.). By failing to object to any of the alleged harmful testimony and by failing to object to the submission of the damage issues, appellant waived any right he might have had to complain on appeal. Moreover, even if appellant had properly preserved the point by proper objection, we are unable to see how any harm could have resulted. Rule 434, Texas Rules of Civil Procedure. The facts presented here, in our opinion, certainly do not involve a situation where the introduction of the testimony was so highly inflammatory as to be prejudicial without an objection.

By way of two cross-points, appellees complain of the action of the trial court in disregarding Special Issues Nos. 5, 6, and 7 and denying them a recovery for damages.

 As we view the record, this court is without jurisdiction over appellees' appeal upon their cross-action because they failed to timely file the record in this court. The judgment is dated October 14, 1971. It recites that appellees gave notice of appeal on the same date. Appellees did not file a motion for new trial, nor did they file the record in this court. The record was filed by the appellant. It was not filed, however, until January 26, 1972. Thus, insofar as appellees' appeal from the adverse judgment is concerned, they failed to perfect an appeal within the sixty-day period allowed by Rule 386, Texas Rules of Civil Procedure. Our courts have repeatedly held that this rule is mandatory and jurisdictional and that the time limits therein prescribed cannot be waived, dispensed with or enlarged except upon the conditions set forth in the rule. Horn v. Builders Supply Company of Longview, 401 S.W.2d 143 (Tex.Civ.App., Tyler, 1966, writ ref., n. r. e.). The fact that the appellant filed a motion for a new trial and thus extended his time for the filing of the record did not inure to the benefit of appellees or otherwise excuse their failure to file the record within sixty days. Each appellant must base his appeal upon his own actions. Angelina County v. McFarland, 374 S.W.2d 417 (Sup.Ct., 1964); Neuhoff Bros., Packers v. Acosta, 160 Tex. 124, 327 S.W.2d 434 (Sup.Ct., 1959); Horn v. Builders Supply Company of Longview, supra. Since the record was not filed in this court within sixty days after the date of the judgment denying appellees a recovery upon their cross-action and since this court has no legal authority or discretion in the matter, we are compelled to dismiss the appeal of appellees for want of jurisdiction.

Finding no reversible error, the judgment of the trial court is affirmed.