**John H. MODOS, Appellant,**

v.

**Douglas CRAWFORD et al., Appellees.**

**Motion No. 14564.**

Court of Civil Appeals of Texas, Austin.

Nov. 7, 1973.

---

James E. Faulkner, Coldspring, for appellant.

Hall E. Timanus, Andrews, Kurth, Campbell & Jones, Houston, W. K. Mc-Clain, McClain, Stump & Wright, Georgetown, for appellees.

PER CURIAM:

John H. Modos, appellant, who was defendant below, deposited with the Clerk of this Court on October 19, 1973, transcript and statement of facts in cause No. 14,015 tried in district court of Williamson County. Thereafter, on October 26, 1973, appellant filed his motion to require the Clerk to file the tendered record and urged that sixty days from rendition of final judgment or order overruling motion for new trial "will not expire until on or about November 8, 1973." Rule 386, Texas Rules of Civil Procedure.

The sequence of events pertinent to this appeal, all of which occurred in 1973, is as follows:

June 25 Judgment of trial court rendered, signed, and filed.

July 5 Appellant's motion for new trial filed.

October 1 Appellant's appeal bond filed.

Appellees, who were plaintiffs below, also filed motion for new trial on July 5, and later filed an amended motion on July 25, but did not take further steps to perfect their appeal after their amended motion was overruled by operation of law on September 8.

Appellant contends: " . . . there was no Order Overruling either Appellant's or Appellees' Motion or Amended Motion for New Trial and . . . the trial court necessarily had jurisdiction upon the whole cause from the date of filing Appellees' Amended Motion for New Trial July 25, 1973, and the forty-five days allowed for automatically overruling by operation of law plus sixty days thereafter for filing the record in this Court will not expire until on or about November 8, 1973."

Thus appellant relies on the actions of appellees upon which to base his appeal. Each party seeking to appeal from judgment of the trial court to the court of civil appeals "must base his appeal upon his

own actions." Angelina County v. McFarland, 374 S.W.2d 417, 421 (Tex.Sup. 1964); Peurifoy v. Wiebusch, 125 Tex. 207, 82 S.W.2d 624 (1935); Neuhoff Bros., Packers v. Acosta, 160 Tex. 124, 327 S.W.2d 434 (1959); Dorbandt v. Bailey, 481 S.W.2d 939, 941 (Tex.Civ.App. Tyler 1972, writ ref. n. r. e.). The Supreme Court has applied the same principle to analogous actions taken by litigants in courts of civil appeals preparatory to application for writ of error. Oil Field Haulers Association v. Railroad Commission, 381 S.W.2d 183, 187 (Tex.Sup.1964).

 Appellant's motion for new trial, which was not amended, was overruled by operation of law on August 19, and his appeal bond was filed October 1. Rule 356, Texas Rules of Civil Procedure, requires that a bond for costs on appeal be filed with the district clerk "within thirty days after rendition of judgment or order overruling motion for new trial." When a motion for new trial is overruled by operation of law, as in this case, the period within which the bond must be filed begins with the date that motion for new trial was overruled by operation of law. Vaughan v. Commercial Insurance Company, 476 S.W.2d 428, 429 (Tex.Civ.App. Austin 1972, no writ), and cases cited.

Since appellant's cost bond was not filed until October 1, it was filed forty-three days after his motion for new trial had been overruled by operation of law. The requirement of Rule 356, that the bond be filed within thirty days after motion for new trial is overruled, is mandatory and jurisdictional. Vaughan v. Commercial Insurance Company, *supra*; Texas Employers' Insurance Association v. Martin, 162 Tex. 376, 347 S.W.2d 916, 917 (1961). This requirement cannot be extended or waived even if good cause for delay be shown, and enlargement of time for filing is not authorized by Rule 5, Texas Rules of Civil Procedure. Bean v. City of Arlington, 464 S.W.2d 208, 212 (Tex.Civ.App. Fort Worth 1971, no writ).

The motion of Appellant Modos to require the Clerk to file the record tendered October 19, 1973, is overruled.

Motion overruled.