## 712

**Oscar G. CHARPING, d/b/a Ace Construction Company, Appellant,**

v.

**Willa L. Scott AUGUST et vir, Appellees.**

Nos. 14839, 14850.

Court of Civil Appeals of Texas, Austin.

Feb. 19, 1975.

William G. Herrmann, Lindley, Wells & Michalk, Killeen, for appellant.

George Dulany, Dulany & Holle, Belton, for appellees.

PER CURIAM.

Oscar G. Charping, doing business as Ace Construction Company, appellant, has filed with the clerk of this Court an original and an amended motion for extension of time to file a transcript and statement of facts. The motions will be overruled.

The events culminating in the filing of appellant's motions are as follows. On September 12, 1974, the district court of Bell County entered a default judgment against appellant. Twenty-six days later on October 8, 1974, appellant filed his motion for new trial. On November 6, 1974, the district court overruled the motion for new trial. Appellant filed his cost bond on November 21, 1974.

As we are of the opinion that this Court is without jurisdiction to entertain the appeal we will overrule the motions. Texas Rules of Civil Procedure 356 requires cost bonds to be filed within thirty days after the date of the entry of the judgment or order overruling the motion for new trial. Compliance with Rule 356 is mandatory and jurisdictional. Glidden Co. v. Aetna Casualty & Surety Co., 155 Tex. 591, 291 S.W.2d 315 (1956). As observed above appellant filed his cost bond on November 21, 1974, more than thirty days after the entry of the judgment. To serve as a basis for appeal the motion for new trial must be filed within ten days from the date of the judgment complained of. Tex.R.Civ.P. 329b(1). Appellant filed his motion for new trial twenty-six days after the entry of the default judgment. The filing of a tardy motion for new trial cannot operate to extend the time for filing an appeal bond. Dillard v. McClain, 159 Tex. 559, 324 S.W.2d 163 (1959).

The motions are overruled.