The CITY OF RANGER, Texas, et al., Appellants,

v.

The COMMISSION ON LAW ENFORCEMENT OFFICER STANDARDS AND EDUCATION, Appellee.

No. 13238.

Court of Civil Appeals of Texas, Austin.

May 21, 1980.

Rehearing Denied June 11, 1980.

Bill B. Hart, Eastland, for appellants.

Mark White, Atty. Gen., Gerald C. Carruth, Asst. Atty. Gen., Austin, for appellee.

PER CURIAM.

Appellee, Texas Commission on Law Enforcement Officer Standards and Education, filed its motion to dismiss this appeal for want of jurisdiction on the grounds that appellant Alford Bush had not posted an appeal bond as required by Rule 356, Tex.R. Civ.P. (Supp.1980), and that no justiciable controversy exists between the City of

Ranger, Texas, and the Commission. We agree.

The Commission revoked the peace officer certification of Alford Bush on February 7, 1980. On February 29, 1980, Bush and the City of Ranger, brought this suit not as a statutory appeal but as an original action seeking an injunction against the Commission to enjoin them from revoking Bush's peace officer certification.

The trial court entered an *ex parte* temporary restraining order, then after notice and hearing, refused to enter a temporary injunction and dismissed the case for want of jurisdiction. It is from such action by the trial court that appellants have attempted this appeal.

 In bringing suit against the Commission, Alford Bush was attempting to enforce a private right, his right as an individual, to be certified as a peace officer under the authority of Tex.Rev.Civ.Stat.Ann. art. 4413 (29aa) (Supp.1980). The fact that the City of Ranger, Texas, was also an appellant and exempt from posting an appeal bond by Tex.Rev.Civ.Stat.Ann. art. 1174 (1963), does not inure to the benefit of appellant Bush. Such an exemption from Rule 356, Tex.R.Civ.P., applies only in cases where an individual has been sued in an official capacity. *Andricks v. Schaefer,* 279 S.W.2d 421 (Tex.Civ.App.—San Antonio 1955, no writ). Appellant Bush's cause of action was not caused by, nor was it dependent upon, any official relationship with the City of Ranger. The requirements of Rule 356, Tex.R.Civ.P., are mandatory and jurisdictional, and cannot be extended or waived. *Charping v. August,* 519 S.W.2d 712 (Tex.Civ.App.—Austin 1975, no writ); *Modos v. Crawford,* 501 S.W.2d 468 (Tex. Civ.App.—Austin 1973, no writ).

Because this Court has no jurisdiction to hear the appeal of Alford Bush, the action which the Commission took on February 7, 1980, in revoking his certification as a peace officer is final. The City of Ranger joined Bush as plaintiff, but asserted no right of its own, independent of the right of Bush, which would entitle it to

have the acts of the Commission enjoined. Accordingly, when this Court dismisses the appeal of Bush and the revocation of his peace officer certification becomes final, any justiciable controversy between the City of Ranger and the Commission, which might have existed, no longer exists.

We are therefore of the opinion that this Court is without jurisdiction to decide the merits of this appeal for the reason hereinbefore stated and, accordingly, the motion of the appellee to dismiss this appeal for want of jurisdiction is granted.

Dismissed for Want of Jurisdiction.