OPINION
MURPHY, Justice.
This is an appeal from an order of forfeiture in which the trial court ordered that *531 three weapons allegedly used by appellant in a robbery be forfeited to the Harris County District Attorney’s Office. The appeal is dismissed for want of jurisdiction because appellant failed to perfect his appeal by filing a cost bond as required by Tex.R.Civ.P. 354.
Acting on information that appellant, a Department of Public Safety officer, was involved in aggravated robbery in Harris County, a search warrant was prepared by Texas Ranger Ellis Goodwin and presented to a Bexar County district court judge for the search of appellant’s Bexar County residence. Law enforcement officers seized numerous weapons during the search. Ap-' pellant was charged in Harris County with aggravated robbery, tried by jury and found not guilty. Several months after this verdict, the state filed a Petition for Forfeiture in Harris County pursuant to Tex.Code Crim.Proc.Ann. art. 18.18 (Vernon Supp.1986) for the forfeiture to the state of the weapons seized during the search. Before the trial to the court began, the state announced it would seek forfeiture of only three of the seized weapons, an Uzi machine gun, a .22 caliber Ruger semi-automatic pistol with a silencer and an Ithaca short barrel shotgun. After hearing testimony the trial court ordered the forfeiture of the three weapons. It is from this order that appellant appeals.
Appellant presents several arguments to support his contention that the appeal should not be dismissed for want of jurisdiction. Within the thirty day time period prescribed by Tex.R.Civ.P. 356, appellant presented the trial court with a Motion to Pursue Appeal Without Executing Bond on grounds that since all property was ordered to remain in the state’s custody and transcript costs would be paid by appellant, no harm would come of the trial court’s waiver of any required bond. On July 23, 1985, the trial judge signed an order stating:
IT IS THE ORDER of the Court that the Appellant, STANLEY MORRIS FLEMING, not be required to post any bond as it relates to his appeal of this Court’s Rulings on the State’s First Amended Petition for Forfeiture.
On the same day this order was signed, the Harris County District Clerk’s office sent appellant’s counsel a letter stating:
In compliance with Article 354 of the Civil Procedure [sic], we are notifying you that on July 23, 1985, the Court waived the posting of the cost bond in the above styled and numbered cause.
Appellant argues that the purpose behind the bond has been met, that he relied on the trial court’s order and the district clerk’s letter, and that he attempted to comply with the Texas Rules of Civil Procedure. Appellant also argues that the rules infer that the trial court may waive the bond since under Tex.R.Civ.P. 354(c) the amount of bond may be decreased, and under Tex.R.Civ.P. 355 the appellant may prosecute an appeal if he files an affidavit stating he is unable to pay the costs of appeal. Finally, appellant contends the state has waived any challenge to a defect of substance or form in the bond amount by failing to timely file an objection. See Tex.R.Civ.P. 363a.
This case is somewhat unusual since it involves a civil forfeiture proceeding arising from an action originally criminal in nature. Nevertheless, a statutory proceeding for the forfeiture of personal property is one in rem and is a proceeding of a civil nature, therefore the rules of civil procedure apply. State v. Rumfolo, 545 S.W.2d 752, 754 (Tex.1976); Brown v. Barlow, 685 S.W.2d 406, 408 (Tex.App.—San Antonio 1985, no writ). The rules which prescribe the perfection of an appeal are found in Tex.R.Civ.P. 354-363. The filing of a cost bond is a necessary and jurisdictional step in perfecting an appeal. Davies v. Massey, 561 S.W.2d 799, 801 (Tex.1978). These jurisdictional requirements are mandatory and jurisdictional and cannot be waived. City of Ranger v. Commission on Law Enforcement Officer Standards and Education, 599 S.W.2d 693, 694 (Tex.Civ.App.-Austin 1980, writ ref’d n.r.e.). The rules have been liberally amended and construed to invoke appellate jurisdiction *532 so long as some type of instrument is filed which can be said to be a bond. See Simon v. L.D. Brinkman & Co., 459 S.W.2d 190 (Tex.1970). Appellant has cited no cases nor has this court found any which abolish the requirement of filing a bond or other instrument notifying the court of the intent to perfect an appeal.
The trial court does not have the authority to waive the jurisdictional requirements of this court, nor should appellant’s counsel have requested it to do so. Because appellant has failed to timely file a cost bond, the appeal is dismissed for want of jurisdiction.