Marshall M. BYROM et ux., Appellants,

v.

The TEACHER RETIREMENT SYSTEM OF TEXAS et al., Appellees.

No. 14998.

Court of Civil Appeals of Texas, Austin.

July 30, 1975.

Rehearing Denied Aug. 13, 1975.

Leslie E. Hudson, Pasadena, for appellants.

John L. Hill, Atty. Gen., Bill Campbell, Asst. Atty. Gen., Austin, for appellees.

PER CURIAM.

Appellant, Irene Byrom,[1] executrix of the estate of Marshall M. Byrom, deceased, has filed with the Clerk of this Court a motion for extension of time within which to file the transcript in the above cause. On the same date, appellant tendered the transcript to the Clerk for filing. As we are of the opinion that appellant's request of the district clerk that he prepare the transcript was not made within a reasonable time after entry of the judgment, we will overrule the motion.

The judgment was signed on May 9, 1975. No motion for new trial was filed, and, therefore, the time for filing the transcript in this Court was July 8, 1975. Appellant's counsel wrote the district clerk on July 19, 1975, requesting that a transcript be prepared. On July 23, 1975, and within the time permitted by Tex.R.Civ.P. 386, appellant filed the motion under consideration.

This Court is authorized by Rule 386 to extend the time for filing the transcript upon a showing of "good cause" why the transcript could not have been filed within the sixty-day period. The inability of the clerk of the trial court to prepare the transcript, because of the press of official business, has been held to constitute "good cause."

In considering a motion for extension of time for the filing of the transcript, however, the preliminary question to be

---

1. During the course of the proceedings below Marshall M. Byrom died, and pursuant to Texas Rules of Civil Procedure, rule 151, Irene Byrom, executrix of the estate of Marshall M. Byrom, deceased, appeared and prosecuted the suit.

resolved is whether the request for the transcript was made within a reasonable time after entry of the judgment in the event no motion for new trial was filed. *Patterson v. Hall*, 430 S.W.2d 483 (Tex. 1968).

In her motion, appellant states, that on May 19, 1975, her counsel filed with the district clerk Notice of Appeal, which provided as follows:

### NOTICE OF APPEAL

"TO THE DISTRICT CLERK OF TRAVIS COUNTY, TEXAS

"This petition being filed to affect [*sic*] notice as to the desire of the Plaintiff in the above styled and numbered cause to appeal the judgment of the Court to the Court of Civil Appeals, Third Supreme Judicial District, for adjudication upon all of the issues within the cause.

"Judgment of the District Court was signed and rendered on or about the 13th day of May, 1975.

"The names and addresses of all of the parties interested in the cause appear in said judgment.

"Please determine the amount of bond required and transmit same to this office.

"Respectfully submitted,

/s/ Leslie E. Hudson
LESLIE E. HUDSON"

Appellant takes the position in the motion for extension of time that her Notice of Appeal should be construed as a request of the district clerk to prepare a transcript of all of the pleadings and orders in the cause, in compliance with Tex.R. Civ.P. 376. If the Notice of Appeal could be so construed, appellant then would argue that the failure of the district clerk to have prepared the transcript would be "good cause" for her failure to have filed the transcript within sixty days as required by Tex.R.Civ.P. 386.

Tex.R.Civ.P. 376 provides the appellant shall promptly file with the clerk of the trial court a written designation of the desired portions of the proceedings to be included in the transcript. *Save Our City Organization of San Antonio, et al. v. Texas Highway Commission, et al.,* 521 S.W.2d 895 (Tex.Civ.App.1975, writ ref'd n. r. e.).

From our reading of appellant's Notice of Appeal we conclude that the notice was not intended, and cannot serve, as a request for a transcript pursuant to Rule 376. The only service requested of the clerk was his determination of the amount of the appeal bond. Contrary to appellant's position, we are of the opinion that the phrase, " . . . for adjudication upon all of the issues within the cause," contained in the Notice of Appeal, is an effort by appellant to indicate that the scope of appeal was not to be limited. Tex.R.Civ.P. 353(c). It is true that appellant's Notice of Appeal does contain information and statements not usually found in such filings, but its mere unorthodoxy in no way qualifies it as a request for transcript.

The district clerk had no duty to prepare the transcript until directed in writing to do so. Tex.R.Civ.P. 376. The clerk did not receive such direction from appellant until after the expiration of sixty days from the entry of the judgment. The direction for the preparation of the transcript was not made within a reasonable time after the entry of judgment. *Patterson v. Hall, supra.*

Appellant's motion for extension of time is overruled.

Motion overruled.